RUEL GRIDLEY, CLARISSA H. BEEBE, SARAH P. SNYDER, AND CHARLES SNYDER, AND OTHERS, APPELLANTS, *v.* EDWIN S. WESTBROOK and JAMES P. GUAGER.

Where proceedings are instituted in the State court of Iowa under certain articles of their code, and then removed into the United States court, although these proceedings do not conform to the mode prescribed for chancery proceedings in the courts of the United States, yet, if the pleadings and proofs show the matter in dispute between the parties, this court will adjudicate the questions which they present.

The principle adopted in the preceding case respecting the execution of a deed by a married woman as trustee, is equally applicable to a deed executed under a power of attorney granted by her.

THIS was an appeal from the District Court of the United States for the northern district of Iowa.

It arose out of the same circumstances nearly as the pre-

ceding case, as will be evident from the statement in the opinion of the court.

It was argued by *Mr. Grant* for the appellants, and by *Mr. Wilson* for the appellees.

Mr. Justice CAMPBELL delivered the opinion of the court.

This suit was commenced in the District Court of Jackson county, Iowa, by the appellees, under articles 2025 and 2026 of the code of Iowa, to quiet their title and possession to certain lands in that county against the impending and adverse claim of the appellants, the heirs at law of Sarah A. Blakely, deceased.

The appellants appeared, and answered the petition, and procured the removal of the cause to the District Court of the United States for Iowa, under the 12th section of the judiciary act of September, 1789. After the removal of the suit to the District Court, the appellants commenced a cross-suit, asserting therein their own title to the lands in controversy, and praying for a decree of delivery of the possession to them, and an account of the mesne profits. The original and cross-suit were "consolidated" on the motion of the appellants, and were heard as one suit.

The proceedings in these causes seem to have been framed upon the course of practice prevailing under the code of Iowa; and we have found some difficulty in entertaining the suit, as not conforming to the mode of proceeding prescribed for courts of the United States in chancery proceedings; but as we are enabled to ascertain, from the pleadings and proofs, the matter in dispute between the parties, we shall proceed to adjudicate the questions they present.

The facts disclosed by the proofs show that William. B. Beebe, an insolvent debtor, in order to carry on business without interruption, made purchases and sales of property on his own account, in Iowa, but under the shelter of the name of Sarah A. Blakely, the mother of his wife, a resident of Missouri. To enable him to do so with facility, he procured from her powers of attorney, which conferred authority for that purpose.

The land described in the petition was purchased by Beebe with his own money, and the titles were made for his use to Mrs. Blakely. Subsequently he sold them to one of the parties to the cross-suit (Mrs. Wells) for a valuable consideration, and, as attorney in fact for Mrs. Blakely, executed to her a deed; and the appellees, Westbrook and Guager, claim as purchasers from this person.

At the time of the execution of the deed of Mrs. Blakely, and of her death, she was a feme covert. The appellants insist, that the conveyance to Mrs. Wells in the name of Mrs. Blakely is void, and that they are entitled to hold the lands as heirs at law.

We discover no material variation between the principles applicable in this cause and that of the same appellants and Wynant, which we have just decided. Upon the authority of that case, we determine that the decree of the District Court must be affirmed.