(17 App. Div. 288.)

### O'BRIEN et al. v. BLAUT et al.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. ABATEMENT AND REVIVAL—WHEN CAUSE OF ACTION SURVIVES.
   A cause of action against a director of a bank, for negligent conduct by which the bank sustained losses, survives on his death.

2. SAME—DEATH OF PARTY—SUBSTITUTION OF REPRESENTATIVE.
   An action may be revived against the representative of a deceased defendant, who died after a demurrer to the complaint had been sustained with leave to file an amended complaint, though plaintiff was in default as to such amended complaint.

Appeal from special term, New York county.

Action by Miles M. O'Brien and another, as receivers of the Madison Square Bank, against Joseph F. Blaut and others. From an order amending the summons and complaint, and substituting Rebecca Kalischer, executrix of Adolph S. Kalischer, a deceased defendant, in the place of said decedent, she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Joseph Fettretch, for appellant.
Louis Marshall, for respondents.

VAN BRUNT, P. J. This action was brought by the plaintiffs, as receivers of the Madison Square Bank, to recover damages for losses sustained by said bank because of the negligent conduct of its directors. Adolph S. Kalischer was one of such directors, and a defendant in the action. Such proceedings were had that an amended complaint was served. The defendant Adolph S. Kalischer demurred to the amended complaint, which was sustained by interlocutory judgment duly entered, with leave, however, to the plaintiffs to serve a second amended complaint. The plaintiffs appealed from the interlocutory judgment to the appellate division, and on the same day the defendant Kalischer died, but whether before or after the service of the notice of appeal does not appear. Mr. Kalischer's attorney returned the notice of appeal upon the ground that Kalischer had died. The defendants refused to recognize the return of the notice of appeal. Subsequently the plaintiffs gave notice of the withdrawal of the appeal. Kalischer left a will, which was duly admitted to probate, and Rebecca Kalischer duly qualified as his executrix. The time of plaintiffs to serve amended complaint had expired before the withdrawal of the notice of appeal. The plaintiffs then moved to substitute Rebecca Kalischer as executrix, etc., of Adolph S. Kalischer, as a party defendant in this action, and for other relief. This motion was granted, and from the order thereupon entered the said executrix appeals.

The principal grounds upon which the appellant bases her appeal are that the cause of action did not survive, and that, the plaintiffs being in default in their service of a second amended complaint, the court had no power to grant the motion of the plaintiffs. The first ground is disposed of by the case of Pierson v. Morgan (Sup.) 4 N. Y. Supp. 898, and we see no reason to differ from the conclusions arrived at in that case. As to the second ground of appeal, we see no reason why the plaintiffs should not be put in a position where they can apply to be relieved from their default in serving the second amended complaint. Whether such application will be granted depends upon the facts shown upon that motion. No vested right is interfered with. The defendant Kalischer, or his representative, has no more vested right in a final judgment than every defendant has where the plaintiff is in default. If the cause of action survives, as it does, merely because a defendant dies pending the action, the plaintiff loses no rights which he had before, and upon revival of the action is entitled to the same relief which he could have had were the defendant living.

We think, therefore, that the order should be affirmed, with costs. All concur.