## BROWN v. ELLIS.

(Circuit Court, D. Vermont. March 4, 1898.)

FEDERAL COURTS — JURISDICTION — NATIONAL BANKS—ASSESSMENT AGAINST
SHAREHOLDER'S ESTATE.
An assessment against the estate of an owner of national bank stock, in
the hands of his executrix, is enforceable in the federal courts, though pro-
ceedings for settlement of the estate are pending in the probate court of
Vermont.

This was a suit in equity by Jonathan W. Brown against Rosette R.
Ellis, executrix of the estate of J. R. Ellis, to recover an assessment
made by the comptroller of the currency against such estate on shares
of national bank stock.

Thomas J. Boynton, for plaintiff.
Hiram A. Huse, for defendant.

WHEELER, District Judge. Section 5151 of the Revised Statutes
of the United States provides that the shareholders of national banks
shall be holden for the debts and obligations of the banks; and sec-
tion 5152 that:

"Persons holding stock as executors, administrators, guardians or trustees shall
not be personally subject to any liabilities as stockholders but the estates and
funds in their hands shall be liable in like manner and to the same extent as
the testator, intestate, ward or person interested in such trust would be, if liv-
ing and competent to act and hold the stock in his own name."

The plaintiff is receiver of the Sioux National Bank, and the de-
fendant is executrix of the estate of J. R. Ellis, who is alleged to have

held 24 shares of the stock of that bank, which came to her hands as executrix, after his death, January 9, 1892, and upon which, while so in her hands, the comptroller of the currency, on March 5, 1897, assessed $75 per share for payment of the debts of the bank.   This bill is brought to recover this assessment out of the assets of the estate in her hands.   The answer denies holding the stock, and alleges the appointment of commissioners of claims against the estate by, and the return of their proceedings to, the probate court of the state having jurisdiction of the settlement of the estate, which is still pending, as exclusive of this suit.   The plaintiff has excepted to this part of the answer as impertinent, and this exception has been argued.

Nearly all questions relating to the liability of assets in the hands of an executor for such an assessment, in a suit in equity like this, that have been raised here now, were raised and fully considered in Witters v. Sowles, 32 Fed. 130, and decided in favor of the plaintiff.   That decision was referred to in Keyser v. Hitz, 133 U. S. 138, 10 Sup. Ct. 290, with reference to the effect of the statute in laying this liability, and has not been questioned so far as has been noticed.   The question of reaching the assets otherwise than through proceedings in the probate court has been more fully argued here, without noticing that case, and has been again examined and considered.   The claim did not, as shown, so accrue in the life of J. R. Ellis that commissioners on his estate would have jurisdiction of it.   It never was a claim against him.   Sawyer v. Hebard's Estate, 58 Vt. 375, 3 Atl. 529; Hatch v. Hatch's Estate, 60 Vt. 160, 13 Atl. 791.   The federal statute puts the liability directly upon the assets.   The question here is whether they are so in the custody of the probate court that they cannot be reached but through proceedings in that court.   An executor or administrator here does not take title from the probate court, as a receiver of a court does, but under the will or by representation of the testator or intestate; and, while the assets of an estate are subject to the control of that court as to all proceedings within its jurisdiction, they are liable to judgment or decree in other courts as to matters without its jurisdiction.   Sparhawk v. Buell's Adm'r, 9 Vt. 74; Brown v. Sumner's Estate, 31 Vt. 671.   In Holmes v. Bridgman, 37 Vt. 28, the supreme court decreed payment by the administrator, out of the estate of Bridgman, of claims arising in the settlement of another estate, which had never been presented or passed upon in any proceedings in the probate court in the settlement of Bridgman's. And decrees in chancery affecting the assets of estates in matters within equity, and without probate, jurisdiction, are common.   Williams v. Benedict, 8 How. 107, and Yonley v. Lavender, 21 Wall. 276, were cases where the probate court had jurisdiction of the debts for the purpose of distribution of the assets ratably among the creditors; and the jurisdiction of the federal courts over distribution of assets, or application of them to claims established there, was denied.   But in Bank v. Jolly's Adm'rs, 18 How. 503, and Green's Adm'x v. Creighton, 23 How. 503, the power of the federal courts to reach assets in the hands of executors and administrators for the satisfaction of equitable claims of which those courts have jurisdiction was, after full examination, upheld.   This court has jurisdiction of this matter on account of

its federal nature, as well as of the citizenship of the parties, and in equity, because the assets are held by the executrix in trust.     Exception sustained.