GREAT WESTERN MIN. & MFG. CO. v. HARRIS.

(Circuit Court, D. Vermont. September 11, 1899.)

REVIVAL—ACTION FOR INJURY TO PROPERTY—VERMONT STATUTE.

> A suit by the receiver of an insolvent corporation to recover money alleged to have been wrongfully obtained from the corporation when insolvent is in the nature of an action on the case for damages to property, which survives, under V. S. § 2446, and on the death of the defendant it may be revived against his executors.

On Motion to Dismiss Proceedings for Revivor.

William P. Dillingham, for plaintiff.
Eleazer L. Waterman, for defendant.

WHEELER, District Judge. This suit is brought by the receiver of the corporation to recover back money paid to the defendant for capital stock issued upon supposed improvements of the property, without other consideration, and while the corporation is alleged to have been insolvent, and bought back to float mortgage, bonds sold, and for assets lost by abstraction of the manager through alleged negligence of the defendant as director. The answer denies the insolvency and the negligence, and sets up the payment of all then existing debts. Proceedings for revivor have been brought against the executors of the defendant, which they have moved to have dismissed, because, they say, the suit does not survive. This motion has now been heard. The assets of an insolvent corporation are trust property for payment of its debts, and may be followed for that purpose, and recovered back. The question now is not whether the plaintiff had a valid right to recover these assets of the defendant, but whether he has the same right to try to recover them of the estate in the hands of the executors that he had to recover them of the defendant. By the laws of this state, under which these executors are administering this estate, "actions of trespass, and trespass on the case for

damages done to real and personal estate," survive.   V. S. § 2446. Generally, everywhere, causes of action at law or in equity which relate to property are made ● survive.   This suit is in the nature of an action on the case for damages to property, and would seem by this law of the state to survive.   Dana v. Lull, 21 Vt. 383; Bellows v. Allen, 22 Vt. 108.   The transaction complained of would lessen the property of the corporation, increase that of the defendant, and affect the assets of the estate in the hands of the executors.   The survival turns upon the distinction whether property and assets are affected, or a mere personal liability is created, as shown by Hall, J., Id. 113.   Generally, the statutes of the state where the suit is pending govern as to survival and the liability of assets in the hands of executors and administrators, but this is not always so.   In the federal courts assets in the hands of executors or administrators may sometimes be reached in a different manner from what they can be in the state courts.   In Suydam v. Broadnax, 14 Pet. 67, Mr. Justice Wayne said:   "It was certainly intended to give to suitors having a right to sue in the circuit court remedies co-extensive with those rights.   These remedies would not be so if any proceedings under an act of a state legislature to which a plaintiff was not a party, exempting a person of such state from suit, could be pleaded to abate a suit in the circuit court."   Union Bank v. Jolly's Adm'rs, 18 How. 503; Green's Adm'x v. Creighton, 23 How. 90; Brown v. Ellis, 86 Fed. 357. The assets of this estate might, if the case could be made out, be followed by independent suit into the hands of the executors, and a suit might as well be revived as brought to reach them.   Motion to dismiss revivor denied.