pay for the two parcels of real estate above mentioned, taking the title thereto in her own name; and that this was done by the said Eunice Ellinor Huff fraudulently, and with the intent that no portion of the real or personal property last mentioned should come to the plaintiff, under or by virtue of the aforesaid agreement, at the death of said Joseph Thorne, or at any other time." These findings have been unanimously approved by this court, and the reference was a lawful attempt to undo, so far as may be, the wrong accomplished by the fraud. With no aid from the appellant, it was incumbent upon the plaintiff to establish as best she could the extent of the fraud, and the amount and value of the property of which the deceased has been despoiled. Some of the evidence adduced in the inquiry under such circumstances may well have been incompetent or immaterial, but it is impossible to read the case without the suspicion that a possible good exception was relied upon to protract the period of judicial investigation, and to delay the ultimate demands of justice, rather than to exhibit the merits of the controversy; and if the appellant has thereby been overcharged in any item, which is not apparent, but of which she may have independent knowledge, it would be better that she apply for relief at the foot of the judgment, for which provision is made, than for this court to be sedulous in a search for technical defects not affecting substantial results, and to make them the basis for granting a new trial.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(67 App. Div. 228.)

SEVENTEENTH WARD BANK v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

ABATEMENT AND REVIVAL—SUBSTITUTION OF REPRESENTATIVE—DEATH OF DEFENDANT.

 Under 2 Rev. St. p. 447, § 1, providing that for wrongs done to property, rights, or interests of another, for which an action might be maintained against the wrongdoer, an action may be brought, after his death, against his representatives, a bank, in an action against its president for negligent conduct, by which it sustained losses, may, after his death, revive and continue it against his executors.

Appeal from special term, Kings county.

Action by the Seventeenth Ward Bank against Thomas C. Smith and others. From an order reviving and continuing the action against William H. Webster and others, executors of Thomas C. Smith, deceased, they appeal. Affirmed.

See 64 N. Y. Supp. 888.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

John L. Hill, for appellants.
Charles E. Hughes, for respondent.

SEWELL, J. The original defendant in this action, a former president of the bank, died pending the action. Letters testamentary were issued to the appellants, and thereupon a motion was made by the plaintiff to revive and continue the action against them. The motion was granted, and from the order entered thereon the executors have appealed.

The appellants contend that the cause of action does not survive against the legal representatives of the defendant Thomas C. Smith. Under the Revised Statutes an action for wrongs done to the property, rights, or interests of another, for which an action might be maintained against the wrongdoer, can be maintained after his death against his executors or administrators, in the same manner, and with like effect, as actions founded upon contract. 2 Rev. St. p. 447, § 1. This provision is limited by section 2, which provides that the preceding section shall not be extended to actions for slander or libel, or to actions for assault and battery, or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff. Under these provisions of the statute, which are in full force and effect (Blake v. Griswold, 104 N. Y. 613, 11 N. E. 137); it is not essential that the wrongdoer should, by the wrongful act, have derived an advantage to himself, or acquired specific property by which, or by the proceeds of which, the assets in the hands of his personal representatives were increased. In Cregin v. Railroad Co., 75 N. Y. 192, 31 Am. Rep. 459, Judge Rapallo said:

"Where an injury to pecuniary interests is shown, the intent of the statute seems plain that the cause of action shall survive, notwithstanding that such injury be caused by a tort, provided it be not one of the torts specifically mentioned and excepted in section 2. All pecuniary injuries (not resulting from the enumerated and excepted causes, such as assault and battery, slander, etc.) are placed upon the same footing when occasioned by a tort as if arising from breach of contract, and such is the language of the statute."

The facts pleaded show a cause of action in favor of the corporation, and against the defendant, to recover the actual loss or injury sustained by the plaintiff. The complaint alleges that the defendant Thomas C. Smith, while acting as president of the plaintiff corporation, loaned $45,000 of the money of the bank; that the loans were made unlawfully, imprudently, and negligently, without the authority of the plaintiff, and without adequate security being taken therefor; that the bonds deposited as security were unmarketable, less in value than the amount of the loans, and wholly insufficient to secure the same; that the unmarketable and comparatively valueless character of the securities, and their insufficiency as security for the loans, were well known to the defendant; that only the sum of $2,500 was paid, and $5,846 received from the securities; and that no other or further sum can be collected or realized. The prayer of the complaint is for judgment against the defendant for the sum of $39,000, the damage caused by his negligence or wrong in the performance of his duties.

The relation between the bank and its president was that of principal and agent (Hun v. Cary, 82 N. Y. 65, 37 Am. Rep. 546), and the action was brought to recover damages for negligence, upon

the same principle that any agent is for like cause responsible to his principal. The president was bound to act in good faith, and to observe the limits placed upon his power. It was his duty to exercise reasonable care and diligence in loaning the moneys of the bank and determining the value of the securities, and, for a failure in the performance of those duties, he was liable for all damages to the bank caused by his culpable misfeasance or nonfeasance. Dykman v. Keeney, 154 N. Y. 483, 491, 48 N. E. 894. There can be no doubt that the present action is one for a wrong done to the property, rights, and interests of the plaintiff, that it is covered by section 1 of the Revised Statutes, and that the plaintiff is entitled to have it revived and continued against the appellants. O'Brien v. Blaut, 17 App. Div. 288, 45 N. Y. Supp. 217.

It follows that the order appealed from should be affirmed, with costs. All concur.