(83 App. Div. 64.)

### SEVENTEENTH WARD BANK v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. BANKS—LOANS—NEGLIGENCE OF PRESIDENT—LIABILITY.

    In an action against the estate of a president of a bank for negligence in making a loan on worthless collateral, evidence that such collateral, together with other securities, had been accepted by various other bankers as security for loans to the same person, was inadmissible, in the absence of proof as to what estimate was placed on the questionable collaterals, apart from the other securities, in such transactions.

2. SAME.

    Evidence that other banks had made loans to the same party, for which none of the collaterals in question appeared to have been accepted as security, was irrelevant.

Appeal from Special Term, Kings County.

Action by the Seventeenth·Ward Bank against Charles H. L. Smith and others as executors of the estate of Thomas C. Smith, deceased.

82 N.Y.S.—34

From an order setting aside a verdict in favor of defendants, they appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John L. Hill, for appellants.

Charles E. Hughes, for respondent.

WILLARD BARTLETT, J. This action was originally brought against Thomas C. Smith, the president of the Seventeenth Ward Bank, in the city of New York, to recover damages against him for having unlawfully loaned certain moneys of the bank. Upon the first trial the bank recovered a judgment, which was reversed by this court on the ground that certain evidence offered in behalf of the defendants had been erroneously excluded. Seventeenth Ward Bank v. Smith, 51 App. Div. 259, 64 N. Y. Supp. 888. We held, however, that the action was maintainable, and subsequently affirmed an order which revived and continued it against the executors of the original defendant. Seventeenth Ward Bank v. Webster, 67 App. Div. 228, 73 N. Y. Supp. 648. Upon the trial of the action as thus revived and continued, the jury rendered a verdict in favor of the defendants. This verdict was set aside by the learned judge who presided upon the trial, and an appeal from his order now brings the case before this court for the third time.

The motion to set aside the verdict was made, and appears to have been granted, not only upon the exceptions taken in the course of the trial, but because the verdict was deemed by the trial judge to be contrary to the evidence. Whether this view of the proof was correct or not, it is not necessary now to decide, inasmuch as it is quite clear that errors were committed in the admission of evidence which would have required a reversal of the judgment if the verdict had been allowed to stand.

The loans which were the subject of criticism were made to a firm of bankers known as Coffin & Stanton, and it was contended in behalf of the plaintiff that the president of the bank had been negligent in making such loans upon collateral securities which were practically worthless. Upon the first appeal we held, assuming that the president was bound to use ordinary skill and care in the conduct of the business of the bank, that it was competent for him to show that other persons engaged in the banking business had been receiving the same collaterals as security for loans from this firm of Coffin & Stanton. Upon the trial now under review the defendants were permitted to avail themselves of our ruling in this respect, by introducing evidence that these securities, together with others, had been accepted by various bankers as collateral security for loans to the firm. The proof on this subject, however, did not show what estimate was placed upon the questionable collaterals as security in these transactions. Without such discrimination, where the securities in question were but a part of a large block of securities upon which a loan was made, it was impossible to ascertain what value, if, indeed, any value, was assigned by the party making the loan to the collaterals in question. In other words this line of proof,

in the absence of particulars as to the estimate placed upon the questionable collaterals, threw no light whatever upon the prudence of the bank president in making the loans which were the subject of investigation in this action. Without any specification as to the estimated value of these particular collaterals, the evidence was irrelevant, and could only have tended to mislead the jury. The plaintiff's exceptions to the admission of such evidence and to the refusal of the court to strike it out were well taken.

The learned trial judge also received considerable evidence to the effect that banks in various parts of the country had made loans to the firm of Coffin & Stanton, for which loans none of the collaterals in question appeared to have been accepted as security. The only effect of this line of proof was to indicate that the firm had credit with the banks which made the loans—a matter wholly irrelevant to any issue in the case, inasmuch as the fact could have had no possible bearing upon the question whether the president of the institution had violated the statutory restrictions applicable to corporations or bankers under the banking law. Banking Law (Laws 1892, p. 1857, c. 689), § 25, as amended by chapter 696, p. 1736, of the Laws of 1893. The order setting aside the verdict may also be sustained upon the plaintiff's exceptions to the admission of this testimony.

Without considering any of the other grounds specified in the order, these errors justified the learned trial judge in making it, and I think it should be affirmed.

Order setting aside verdict affirmed, with costs. All concur.