# CHARLESTON.

JACKSON *v.* CITY OF PARKERSBURG.

Submitted February 18, 1914.   Decided April 7, 1914.

NEGLIGENCE OF CITY.

> Points 1, 2, 3, 4, and 5 of the syllabus in *Wigal, Adm'x.* v. *City of Parkersburg,* decided at the present term, re-affirmed and applied.

Error to Circuit Court, Wood County.

Action by Emma J. Jackson against the City of Parkersburg.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Smith D. Turner* and *Wm. H. Wolfe,* for plaintiff in error.

*V. B. Archer* and *Dave D. Johnson,* for defendant in error.

WILLIAMS, JUDGE:

On March 19, 1909, two large water tanks, having a capacity of one million gallons each, erected and maintained by the city to supply its waterworks system, and situated on a hill above the property occupied by plaintiff, burst and the escaping water rushed down the hill in a body, demolishing houses in

its course and partially destroying the one occupied by plaintiff, thereby causing her bodily injury. She sued and recovered $700 damages, and the city obtained this writ of error to the judgment. The negligence relied on in this case is the same as in the case of *Wigal, Adm'x.* v. *City of Parkersburg,* decided at this term. The legal principles there decided and applied determine this case. We there decided that a municipality, supplying water for domestic use to its inhab-itants, is not thereby performing a governmental act and is therefore liable for its negligence in respect thereto as a private person, and is under an absolute duty to prevent the water from escaping and injuring another. We also there held that negligence will be inferred from the bursting of the tanks, and, in order to overcome such inference, it is necessary for defendant to prove that the destruction of the tanks was caused by a superior force. In view of these principles and rules of evidence, it follows that it was not error, in this case, to exclude the depositions and testimony of witnesses, embodied in defendant's bills of exceptions Nos. 2, 3, 4, 5, and 6, offered for the purpose of proving that the city had exercised due care in the building and maintenance of its tanks. In view of the law of absolute duty, in cases like the present, what is generally regarded as proof of due care in negligence cases will not suffice. The city was bound to confine the water and prevent its escaping and injuring another. The instructions given on behalf of plaintiff, relating to the city's liability and proof of negligence, are the same as those in the Wigal case, and, for reasons given in the opinion in that case, the court did not err in giving them. The instructions asked for on behalf of defendant and refused by the court in this case, are also the same, in effect, as those asked for by it in the case above referred to. If given, they would have told the jury that, if they believed from the evidence the city had exercised due care in the construction and maintenance of its tanks, it was relieved from liability. We have said this is not the law. The only excuse it could have offered is that the bursting of the tanks was caused by a superior force, and there was no evidence of this. Proof of plaintiff's injury caused by the rush of water from the broken tanks, in the absence of evidence tending to show that they were destroyed by an act of God, or

a clandestine hand, established plaintiff's case. It was not error to refuse to set aside the verdict and grant a new trial, and the judgment is affirmed.

*Affirmed.*