# CHARLESTON.

DOSS v. O'TOOLE *et als.*

Submitted March 13, 1917.   Decided March 27, 1917.

1. SCHOOLS AND SCHOOL DISTRICTS—*Board of Education—Liability—Statute.*
   The liability of the individual members of a board of education to a party prejudiced by the acts of such board in making contracts, or incurring obligations in excess of its available funds, in violation of §25 of chapter 45 of the Code, is in the nature of indemnity for the benefit of the party injured. (p. 48).

2. ASSIGNMENTS—*Limitation of Actions—Cause of Action—Limitations.*
   Such a cause of action is assignable and the right to sue therefor is barred by the statute of limitations in five years under the provisions of §12 of chapter 104 of the Code. (p. 48).

3. SCHOOLS AND SCHOOL DISTRICTS—*Individual Liability of Members of Board—Action—Parties.*
   A board of education is not a necessary party defendant to a suit against the members of such board to hold such members individually liable for making contracts or incurring obligations on behalf of said board in violation of §25 of chapter 45 of the Code. (p. 48).

4.  SAME—*Acts of Board of Education—Liability of Individual Members—Action.*

A party, to assert successfully the individual liability of the members of a board of education for a contract made by such board requiring the expenditure of money in excess of funds available for the purpose, must establish by clear proof all facts necessary to show that funds were not available with which to meet the obligation of such contract at the time it was entered into. (p. 51).

5.  SAME—*Board of Education—Liability of Individual Members—Contract.*

Where a party performs work or furnishes material for a board of education without any authority from said board, he cannot hold the members thereof personally liable therefor under the provision of §25 of chapter 45 of the Code because of an order made by such board after the work is done for payment therefor, when there is not sufficient funds available to make such payment. He is not prejudiced by the action of the board had after he has done the work and furnished the materials.   (p. 51).

6.  SAME—*Board of Education—Contracts—Validity.*

Where a board of education enters into a contract the obligation of which, together with such board's other obligations, is not in excess of the funds available at the time, such contract will not be rendered invalid if such board subsequently use such available funds for other purposes, and such board may be required to provide other funds to meet the obligation of such contract.   (p. 54).

Error to Circuit Court, McDowell County.

Suit by J. W. Doss for the benefit of his assignees against Edward O'Toole and others, members of the Board of Education of Adkin District, McDowell County, and C. G. Seaton, secretary of the board.   Judgment for plaintiff, and defendants bring error.

*Judgment reversed, verdict of jury set aside, and cause remanded for new trial.*

*Anderson, Strother, Hughes & Curd* and *Joseph M. Crockett,* for plaintiffs in error.

*Stokes & Sale,* for defendant in error.

RITZ, JUDGE:

Plaintiff, suing for the benefit of his assignees, avers in his declaration that in the month of July, 1913, he entered into a contract with the defendants Edward O'Toole, R. L. Johnson and A. M. Spangler, members of the board of education of Adkin District, McDowell County, and the defendant C. G. Seaton, secretary of said board, for the performance of certain work upon a high school building, for the construction of certain school houses in the district of Adkin, and for repairs to certain other school houses in said district. He avers that the performance of this contract required the expenditure by the board of education of a large sum of money which is set out in his declaration, and he avers that the same was in excess of the funds available for the purpose at the time. He further alleges that in accordance with the terms of the contract he proceeded to perform the same, and did perform the same; that certain amounts were paid to him from time to time as the contract was being performed, and that there remains due to him the sum of $4,851.66 which he has been unable to collect by reason of the fact that the board of education of Adkin District did not have the funds available for the payment of the same, and that there is a personal liability upon the defendants for this amount because of their entering into a contract requiring the expenditure of money in excess of the funds available. The defendants craved oyer of the writ and demurred to the declaration.

The principal grounds of demurrer relied upon are that the cause of action was barred by the statute of limitations at the time the suit was brought which, it is claimed, appears from the averments of the declaration in connection with the writ issued in this case; and that the cause of action was not assignable, which would deny the right of Doss's assignees to maintain the suit. These questions may be considered together.

The statute relied upon to bar the action is section 12 of chapter 104 of the Code, as follows: "Every personal action for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the

same shall have accrued, if it be for a matter of such nature, that, in case a party die, it can be brought by or against his representative; and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after.'' It will be observed in reading this statute that if this cause of action is one which would survive in case of death of the plaintiff, then the statute of limitations is five years; otherwise, it is one year. The contention of the defendants is that it is a cause of action which would not survive, and is therefore not assignable, and is barred by the statute of limitations in one year. The cause of action in this case arises, if any exists, by reason of the provisions of section 25, chapter 45, of the Code. This statute provides that if any board of education expend money or incur any obligation or indebtedness not authorized by law, or make any contract, the performance of which in whole or in part involves the expenditure of money in excess of funds legally at the disposal of such board, the members thereof shall be personally liable to any party prejudiced thereby. The defendants contend that the effect of this statute is to inflict upon members of boards of education a penalty where they do the acts inhibited, and that such being the case the cause of action would not survive either of the parties. Reliance for this contention is had upon the case of *Wilson* v. *Shrader,* 73 W. Va. 105, wherein it is held that the right of action created by the provisions of section 7, chapter 79, of the Code, is not assignable, and that such cause of action does not survive; and the case of *Gawthrop* v. *Fairmont Coal Co.,* 74 W. Va. 38, holding that such a cause of action is barred by the statute of limitations in one year. It was sought in those cases to recover the fixed penalty of five hundred dollars for the violation of the statute prohibiting the mining of coal within five feet of the line of the adjacent owners. It will be observed that the statute relied upon in those cases fixes a definite amount to be recovered by adjoining property owners in case one mining coal encroaches upon the inhibited territory. It is not material whether there has been injury inflicted upon the plaintiff or not. The amount to be recovered is fixed and determined in any event,

and only depends upon the commission of the act and the recovery provided is the only penalty for violation of the act. It was held in those cases that the recovery provided for was purely a penalty, and that it would not survive the death of either of the parties, and would be barred by the statute of limitations in one year. The right of recovery was not given for the purpose of indemnifying an injured party, nor is the amount of the recovery in any way measured by the injury inflicted, but it is quite clear that the purpose of the recovery allowed is to punish for a violation of the statute, and not to provide indemnity to the party injured by reason of such violation.

The statute under consideration here materially differs in its terms from the statute there considered. As a punishment to the members of the board of education for a violation of the statute under consideration here there is a provision for fine or imprisonment. The provision here invoked to sustain this recovery is not so much for the purpose of punishing the violators of the statute as it is to furnish a remedy to a party injured by reason of the violation of it. It will be noted that recovery depends upon injury, and the recovery is limited to the injury sustained by the complaining party, thus making the basis of the recovery in any case indemnity for the injury inflicted. We are of the opinion that the cause of action given by this statute is more nearly akin to the cause of action created by those statutes which make officers and directors of a private corporation personally liable to parties injured for malfeasance or misfeasance, and in this class of cases it has been held with practical uniformity that the cause of action survives. The effect of the statute is to deny to the members of a board of education violating its terms the right to say that they acted in their official capacity when they did the things inhibited by the statute; that they are, when doing those things, individuals, and not officers; and that they are liable as individuals as fully and to the same extent as if the contract were made by them in their individual capacity, and for their individual benefit. Statutes creating a personal liability upon officers of private corporations for misfeasance or malfeasance have generally been con-

sidered to be remedial in their nature.   In *Allen* v. *Luke,* 163 Fed. 1018, it was held that an action against directors to recover an obligation imposed upon them by a statute for violation of its terms survives.   Such was the holding in the case of *Stephens* v. *Overstolz,* 43 Fed. 465.   See also ·*Boyd* v. *Schneider,* 131 Fed. 223; *O'Brien* v. *Blaut,* 45 N. Y. Supp. 217; *Seventeenth Ward Bank* v. *Smith,* 73 N. Y. Supp. 648; *Warren* v. *Shoe Co.,* 166 Mass. 97; *Great Western Min. & Mfg. Co.* v. *Harris,* 96 Fed. 503; *Dodd* v. *Wilkinson,* 41 N. J. Eq. 566; *Henderson* v. *Henshall,* 54 Fed. 320; *Fitzgerald* v. *Weidenbeck,* 76 Fed. 695; *Sellers* v. *Arie,* 99 Iowa 515; 5 Cor. Jur. 893; 1 Cor. Jur. 210.   We conclude that the provision in the statute here involved making the individual members of a board of education liable to an injured party is remedial in its nature, that the cause of action sued for was not barred by the statute of limitations at the time this suit was brought, and that the same is assignable.

Upon the trial of the case it was shown that in the summer of 1912 the board of education of Adkin District issued and sold forty thousand dollars of bonds for the purpose of erecting a high school building at Gary in said district; that it advertised for bids for the erection of this high school, and receiving no satisfactory bids therefor it decided to construct the same itself.   To this end it entered into a contract in the ·month of June, 1912, with the plaintiff Doss by which, in consideration that he would superintend the construction of said building, it agreed to pay him the sum of twenty-five hundred dollars.   This is the only contract that Doss ever had in regard to the construction of the high school building, and it was made more than a year before the contract he sets up in his declaration.   It appears that the construction · of the high school building proceeded, and that it was completed at a cost of something like fifty thousand dollars. During the progress of this work Doss kept the time of the men employed on the building and, on turning in his payrolls, orders were drawn to meet the same, he procured the money thereon, and paid the men.   He contends that toward the latter part of the work he paid the men out of his own money and did not get the same from the board of education.

This work it appears continued until the fall of 1913, when the building was completed. It is not apparent why Doss expended this money for the board of education. It is not shown that he did it under any contract with the board, or by the solicitation of any member of the board. He contends that there yet remains unpaid to him the sum of eight hundred dollars on account of the twenty-five hundred dollar contract. The board of education contends that it has fully paid this twenty-five hundred dollars.

There is no evidence to show that at the time the board of education entered into the contract with Doss to Superintend the construction of the high school building it did not have ample funds to meet all obligations which it had entered into up to that time, including this contract with Doss, unless it is assumed that because the high school cost fifty thousand dollars, and the bond issue was for only forty thousand, the board of education contracted for expenditures in excess of the funds which it had available. It cannot be taken for granted that the board of education did not have other funds available in its building fund to meet the requirements of this high school construction. In *Camden Clay Co.* v. *Town of New Martinsville,* 67 W. Va. 525, it was held: "A party to assert successfully the invalidity of a contract made by a municipal corporation, on the ground that it has assumed an indebtedness beyond that which it could legally assume by the contract, must establish by clear evidence all facts necessary to show the alleged invalidity." In order for the plaintiff to successfully hold the defendants personally liable for any part of the obligation incurred under the contract entered into in June, 1912, in regard to the high school building, it will be necessary for him to prove that the funds available at the time, including the bond issue and such other funds as the board of education had the right to use for the purpose, were insufficient to meet the requirements of the contracts which it had then entered into and the work it had then undertaken. If it should turn out that at the time the contract was entered into sufficient funds were available to meet its obligation as well as all other obligations of the board of education existing at that time, it is a valid contract and the

board of education must meet it. It is not necessary that a party desiring to bring a suit to subject the members of a board of education to individual liability should make such board a party in its corporate capacity, nor is it necessary that he should first sue the board in its corporate capacity and have the invalidity of the contract adjudicated as to the board of education. However, if he undertakes to sue the individual members without first attempting to enforce his demands against the board in its corporate capacity he is put to the necessity of showing the same state of facts that the board would have to show to defeat the claim were suit brought against it. It cannot be said that the board of education could successfully contend that a contract of this character was invalid without showing that at the time it was made there were not funds sufficient to meet it and other existing obligations. The fact that such available funds may have been subsequently paid out for other and unauthorized purposes cannot render invalid a contract that was valid and binding upon the parties at the time it was entered into. After the making of such a contract it is the duty of such board of education to keep sufficient funds available to meet its obligation. If it does not do this, but uses the funds for other purposes such use is unauthorized and if they have already been paid out to parties under such unauthorized contracts, the board of education can recover the same in a suit against the members of the board so responsible for their unlawful disbursement. If they have not been paid out, their use for such purpose can be prevented by any party interested, and any one who has not been paid for work or material furnished under such unauthorized contract, may maintain a suit against the individual members of the board and recover for the injury sustained.

As to that part of this claim which is for money paid by Doss to the men working for the board of education, we do not know upon what theory it is sought to hold the defendants liable. It nowhere appears that they ever contracted with Doss in regard to this, ever directed him to pay their men, or ever authorized him to do so, except that after he had spent the money two members of the board authorized an allowance

to be made to him for the same. Even if this allowance made after the money had been spent was an unauthorized act upon the part of those members making it, it caused no injury to Doss for the reason that he had already spent the money and the injury had already accrued to him, and this action can only be sustained by an individual where the act complained of results in injury to the complaining party.

It is further shown that in the month of July, 1913, the board of education of Adkin District at a meeting determined that it was necessary, in order to accommodate the increased number of pupils in the district, to provide seven additional school rooms, and to this end it directed the erection of seven buildings at seven different places specified in the order, and authorized and directed its secretary and its district superintendent to arrange for the construction of these seven additional rooms at the points indicated, and authorized the secretary to enter into contracts for their construction. Doss claims that he was present at the meeting of the board of education, and that it was agreed that he should construct these buildings; that he should receive therefor the sum of eleven hundred dollars for each of the buildings above the foundation, and in addition thereto such further sum as it would cost to do the excavation and construct the foundations. It does not appear what contracts were entered into by the secretary of the board with Doss pursuant to the authority given him in the resolution referred to, but the evidence does show that Doss constructed in the latter part of 1913 a three-room building at Jenkinjones in said district; a one-room building at O'Toole's Siding in said district; a two-room building at Black Wolf in said district; and another building at Anawalt in said district; and that other parties constructed another one-room building by virtue of this authority, making in all eight additional rooms provided instead of seven as called for in the order of the board. It is not shown what authority the secretary or anyone else had to provide this additional room, nor does it appear why the three-room building was provided at Jenkinjones and a two-room building at Black Wolf, instead of a one-room building, as provided in the order. At the time

Doss entered into this contract it is not shown that the board of education had any obligations outstanding against the funds available for the current year. It is shown that there was available from the levy of that year the sum of $11,-136.96. We do not know from the evidence whether or not there was a balance in this fund coming over from the former year. It appears from the record that the three-room building at Jenkinjones cost for excavation and foundation $958.-40, and $3300. for the superstructure; that the one-room building at O'Toole's Siding cost for the excavation and foundation $345., and for the superstructure $1100.; that the two-room building at Black Wolf cost for excavation and foundation $1355.80, and for the superstructure $2200.; and that the plaintiff's total charge for the one-room building at Anawalt is $1653.89, which includes excavation, foundation, superstructure and all other charges for said building, or a total for the excavation, foundation and superstructure of all of the buildings constructed by Doss of $10,913.09. This it will be seen is within the funds shown to be available at the time; and as stated above the contract would be valid and binding upon the board of education in its corporate capacity. This being so the plaintiff can enforce it against such board, and in case it has used the funds available to meet the obligation of this contract at the time it was entered into for other purposes, such use was unauthorized and the board can be made to provide the funds to pay the valid obligation. The individual liability of the members of the board is to the board in its corporate capacity for the unlawful expenditure of funds which were necessary to meet the obligation of outstanding contracts.

The plaintiff charges in his account items for placing the seats in the buildings constructed by him amounting to $360. and for constructing coal houses and other out-buildings amounting to $410. So far as any evidence in this case shows there was no contract with the board for this work and no authority given plaintiff to do it. The defendants in this case cannot be held liable for the cost of such work unless it is shown that it was done by direction of the board of edu-

cation and that there were no funds available to pay therefor at the time it was authorized.

Some of the demands set up by the plaintiff are claimed to be excessive. We express no opinion upon the correctness of such charges. The correctness of such charges will have to be determined hereafter in any such suit or suits as the plaintiff is advised he can maintain to recover therefor.

There is another item claimed for material furnished for repairs on certain school buildings in Adkin District. The plaintiff testifies that he furnished this material on orders sent to him by the defendant C. G. Seaton, and that he charged therefor the value thereof. It is not shown that he ever had a contract with the board of education to furnish this material, or that he ever had any communication with any member of the board in regard thereto. We do not see upon what ground the defendants were held liable for this item, unless it is upon the theory that after the material had been furnished the board of education, or rather two members thereof, in a meeting agreed to pay therefor. However, as we have before stated, while an agreement by the board of education to pay for supplies furnished it, or work done for it, without a contract, might have the effect to ratify the contract so far as the board of education is concerned, the members of the board cannot be held personally responsible because of such attempt to pay after the work has been done, or the material furnished, for the reason that such effort upon the part of the board of education did not result in an injury to the plaintiff. If it affected him at all it was for his benefit. He had already furnished the material; had already spent the money; and this action of the board of education did not put him in any worse position than he was before.

For the foregoing reasons we are of opinion to reverse the judgment of the circuit court of McDowell County, set aside the verdict of the jury, and remand the cause for a new trial .

*Judgment reversed. Verdict set aside. Cause remanded for new trial.*