# CHARLESTON.

## G. G. DOUGLAS *v.* R. D. TALBOTT *et als.,* MEMBERS OF BD. ED'N.

Submitted April 17, 1923.   Decided April 24, 1923.

LIMITATION OF ACTIONS—SCHOOLS AND SCHOOL DISTRICTS—*Individual Liability of Board of Education for Money Irregularly Expended is in Nature of Indemnity and is not Barred in One Year.*

The liability imposed by sec. 12, chap. 126, Acts 1919, (sec. 12 chap. 28a Barnes Code 1923), upon individual members of a board of education for money expended by them in violation, or without authority of law, is in the nature of an indemnity to any taxpayer of the school district, or state tax commis-

sioner, for the use and benefit of the district; and is not barred by the limitation of one year as provided in sec. 12, chap. 104, Code.

Case Certified from Circuit Court, Barbour County.

Action by G. G. Douglas against R. D. Talbott and others, members of the Board of Education of Elk District of Barbour County. Defendant tendered a plea of the statute of limitations, which was rejected, and the question certified.

*Ruling affirmed.*

*Wm. T. George,* for plaintiff.
*C. M. Murphy* and *W. Bruce Talbott,* for defendants.

LIVELY, JUDGE:

The question certified arises upon defendants' plea of the statute of limitations.

The action is assumpsit and is against the president and members of the board of education of Elk District of Barbour County, in their individual capacities, and the declaration charges that on January 22, 1921, at a regular meeting of the board, at which all of defendants were present and agreeing, they did, without authority of law and in violation of law, pay to Icie Bartlett the sum of $160 out of the school funds belonging to the people of the district; that an order on the sheriff payable out of said funds was drawn by authority of defendants in her favor, which was duly presented to and paid by the sheriff; that the payment of said money to her was unauthorized by law, a fact then well known to defendants, but that the same was paid to her in order to cheat and defraud the taxpayers out of said sum, and that plaintiff was then and has since remained a citizen and taxpayer of said district, and that by reason of the refusal of defendants to reimburse said fund, he has been damaged to the amount of $200. The declaration was filed at September Rules, 1922. The summons is not with the record. At the October, 1922, term defendants demurred to the declaration because it showed on its face that the cause of action did not accrue to plaintiff at any time within one year next before commencement of the suit, and for other errors and defects apparent on its

face. The demurrer was overruled; thereupon defendants tendered a plea of the statute of limitations, pleading that the action did not accrue to plaintiff at any time within one year next before commencement of the suit. The plea was rejected. On joint application the court certified the question: ''Does the period of one year bar the right of action under sec. 12, chap. 126 of the Acts of the Legislature of 1919?''

The authority and right of plaintiff to sue the individual members of the board for unlawful expenditure of money is given by said sec. 12, chap. 126, Acts 1919, carried into Barnes' Code of 1923 as sec. 12 of chap. 28A. Brief for plaintiff simply states the substance of the declaration, the tendering of the plea, copies said section 12, admits that more than one year has elapsed from the date of the unlawful payment before the institution of the action; and says that the statute of limitations does not run against the claim, because the fund out of which the payment to Icie Bartlett was unlawfully made, is in the nature of a trust fund in the hands of the board of trustees for the taxpayers. Defendant's counsel insist that the effect of said section 12, which authorizes this suit, is to inflict upon the president and members of the board a penalty where they do acts prohibited thereby, and therefore the cause of action would not survive either of the parties; and is barred by section 12, chapter 104 of the Code, which provides: ''Every personal action for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature, that, in case a party die, it can be brought by or against his representative; and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after.'' In support of this theory, counsel rely upon *Gawthrop* v. *Fairmont Coal Co.*, 74 W. Va. 39. In that case the suit was to recover fixed sums imposed by the statute against a person who mined a coal vein within five feet of the division line between himself and an abutting land owner. It was held that the statute was penal in its nature, and imposed a penalty on the wrong doer not

because of a trespass upon or injury to the property of another but in furtherance of a broad public policy within the police power of the state, and therefore the cause of action would not survive and was barred by the limitation of one year.

It may be conceded that if the provisions of said section 12 are purely penal and in no sense for the purpose of indemnifying those prejudiced thereby, then the one year limitation would apply, because purely statutory penalties do not survive. Death of either party is an incurable abatement. But we do not think the provisions for recoveries against the individual members of the board for monies unlawfully expended are in the nature of penalties, but more in the nature of indemnity for those injured. It will be noted that the section does impose severe penalties upon those members who wilfully violate its inhibitions. They are subject to fine and imprisonment and amotion from office. This was the construction given in *Doss* v. *O'Toole,* 80 W. Va. 46. A contractor sued the individual members of the board for a balance due him for constructing a high school building and certain school houses, the cost of which under his contract exceeded the funds available for the purpose at that time. The same defense was interposed as is here set up, that is, that the statute imposed a penalty, that the cause of action did not survive, and also that it was not assignable. In the opinion Judge Ritz said: "The provision here invoked to sustain this recovery is not so much for the purpose of punishing the violators of the statute, as it is to furnish a remedy to a party injured by reason of the violation of it. It will be noted that recovery depends upon injury, and the recovery is limited to the injury sustained by the complaining party, thus making the basis of the recovery in any case indemnity for the injury inflicted. We are of the opinion that the cause of action given by this statute is more nearly akin to the cause of action created by those statutes which make officers and directors of a private corporation personally liable to parties injured for malfeasance or misfeasance, and in this class of cases it has been held with practical uniformity that the cause of action survives. The effect of the stat-

ute is to deny to the members of a board of education violating its terms the right to say that they acted in their official capacity when they did the things inhibited by the statute; that they are, when doing those things, individuals, and not officers; and that they are liable as individuals as fully and to the same extent as if the contract were made by them in their individual capacity, and for their individual benefit.'' In that case it was clear that the claim of Doss, the plaintiff, for a balance for labor and material would survive to his personal representative and was assignable; and the right of recovery against the individual members being for the purpose of indemnifying him for his injury and not for the purpose of penalizing the individual members of the board for their wrongful acts, was not barred by the limitation of one year. The case at bar is somewhat different from the Doss case. Here the plaintiff, Douglas, is not suing on a contract made by him with the board, and his right to indemnity for the wrongful act of defendants is as a taxpayer. His amount of indemnity may be exceedingly small, but he is suing not to recover for himself but for all of the taxpayers of the district. The statute expressly provides that ''All moneys recovered in any such action suit or proceeding shall be paid into the treasury of the proper fiscal body to the credit of the proper fund.'' Any taxpayer of the school district. or the state tax commissioner, for the use and benefit of the district, may maintain such action. It is true that the declaration is for recovery by plaintiff in his individual capacity, and not for the use and benefit of the district. But that is the evident intention of the declaration, and suit is for the purpose of reimbursing the school fund of the district for the amount unlawfully expended from it. It would have been much better pleading if the declaration had stated that the suit was by plaintiff to recover for the use and benefit of the district. But the sufficiency of the declaration and the action of the court thereon has not been certified to us. The real beneficiary being the taxpayers of the district as represented by the board of education in its corporate capacity, the suit would not abate upon the death of the plaintiff, and it is reasonably clear that the personal representatives of the defend-

ants would be liable, and the cause of action survive in case of the death of any of defendants. They are jointly and severally liable. In *County Court* v. *Duty*, 77 W. Va. 17, the action was by the county court for recovery for sums unlawfully paid to the county clerk from the county treasury by orders issued by the county court. The action was instituted in 1915 for unlawful payments made to the county clerk in the years 1905 and 1906. A demurrer to the declaration was sustained, and this court, upon writ of error, reversed the lower court, holding that such unlawful expenditures could be recovered by the county court from the clerk and also that the members of the court who participated in making such unlawful allowances were individually liable therefor jointly and severally. There appears to be no discussion of the statute of limitations. It was not specially pleaded so far as the opinion shows. But it is significant that neither the clerk nor the member of the county court sued jointly with him raised it.

We are of the opinion that the right of action under sec. 12 or chap. 126, Acts 1919 (sec. 12, chap. 28A Barnes' Code 1923) is not barred by a period of one year after the right accrues; and so answer the question certified.

*Ruling affirmed.*