## STEPHENS *v.* OVERSTOLZ.

*(Circuit Court, E. D. Missouri, E. D.* September 26, 1890.)

1. SURVIVAL OF ACTIONS—REMEDIAL STATUTE.
   An act of congress imposing a legal liability on the directors of a national bank for certain things which they may do, which shall result in an injury to the bank, its stockholders, or creditors, and making them liable for the amount of the damage, is a remedial and not a penal statute, and therefore an action under it survives against the estate of a director.

2. SAME.
   Where a bank director makes a wrongful loan of money from which loss occurs, it is no defense to an action by the receiver of the bank against the director's estate that the insolvency of the person to whom the loan was made was not discovered until after the death of the director and the appointment of the receiver.

3. PLEADING—DEMURRER.
   A general demurrer to a petition as a whole cannot be sustained if there is one good cause of action stated in it.

At Law. On demurrer to petition.

Action by Lon V. Stephens, receiver of the Fifth National Bank of St. Louis, against Phillipine Overstolz, executrix of Henry Overstolz, deceased.

*Geo. D. Reynolds,* U. S. Atty., and *Lubke & Muench,* for plaintiff.

*Chester H. Krum,* for defendant.

MILLER, Justice, *(orally.)* The main question in this case, which it would seem to be necessary to determine at this time, is the question whether the right of action stated in the petition in favor of the receiver is one that has abated by the death of the director who committed the wrongful acts charged, or is a right of action that survives against the executrix of the deceased. The argument is that the statute under which the suit is brought is a penal statute, and imposes a punishment; that the demand sued for is a penalty; and that it is of that character that the right to recover it ceased with the death of the wrong-doer. We cannot, as important as the case is, when on the circuit, where so much is to be done in a short time, give as full investigation to the authorities on the subject as we would like to do, but we have given it such consideration as we are able to, and all three of us are of the opinion that the act of congress on this subject treats the directors of a national bank as persons charged with a duty and a trust for the benefit of other parties; that, when they violate such trust, the statute in effect declares that they shall compensate the parties who have been injured for that violation of the trust. In effect that was a principle which existed before the statute was enacted. The statute declares the mode of proceeding, the liability of the wrong-doer, and the limit of his responsibility. It is not so essentially a penal statute intended to punish a wrong-doer for a wrongful act as to bring it within that class of penalties, the liability for which expires with the death of the party. The statute imposes a legal liability upon the officers of the bank for certain things which they may do which shall result in an injury to the bank, its stockholders or cred-

itors. The statute says, in effect, that they shall be liable for whatever damages result to any one from their violation of duty. Penal statutes, strictly speaking, are generally those which impose a punishment measured only by the offense or guilt of the party. They generally say that, for every such offense, the party shall be fined in a given sum, or imprisoned for a limited time. Generally they say exactly what the punishment shall be; that a party who does thus and so shall be liable to a fine of $500 or some other sum, or shall be liable to imprisonment for so long a time. Penalties of that nature are of a criminal character, but in this case, and in some others that might be cited, the object of the statute does not seem to be to punish the wrong-doer for the wrongful act, but rather to render him liable to all parties to the extent of the injury they have sustained; and the right to sue is given to the bank or its receiver, and even to the stockholders, and perhaps to the creditors of the bank who have been damaged by the wrongful act in question. Whoever is injured may sue, and the extent of the recovery depends upon the damage which the party suing has sustained. It does not fix any definite sum to be paid by the party for his wrong-doing. It simply says he must make good the damage he has inflicted upon others. We think, therefore, that it is a remedial statute. The officers of a bank are forbidden to do a certain thing, because it may tend to the ruin of the bank. The statute says you shall not do that, and if you do it you shall be liable to all persons injured by your wrongful act. You shall be liable to the bank, you shall be liable to the stockholders, and you may be liable to the general creditors of the bank, or the depositors of the bank. The extent of that liability is not affected by the circumstances which mislead you, or by your criminal intention, but depends on the fact that the act was done knowingly, and was in violation of the law. The extent of the liability incurred is the amount of damage you have inflicted upon others. We are of the opinion that the right of action in this case is not terminated by the death of the wrong-doer, but that the damage for which he is liable is a claim that survives against his estate as any other claim.

Some point was made that the receiver has no right to sue, because the damage had not been sustained at the time of the director's death, or at the time of the appointment of a receiver of the bank. I confess I have had some difficulty in apprehending the force of that argument. All that I can make of the contention is that although the wrong had been done, and the money had been loaned, yet, because it was not found out until after the receiver was appointed that the wrong had occasioned a loss to somebody, that, therefore, there was no right of action. We cannot assent to that view. The injury was done by the director in his life-time by the wrongful loan of the money in question, and the loss had really occurred before the receiver's appointment, although it was not known prior to that time, yet the men to whom the money was loaned were insolvent.

There is one objection to what is termed the "first clause" of the petition or declaration that we think is a good one. That count recites

certain proceedings had in court by which the bank itself suffered a forfeiture of its charter by reason of the wrongful acts of its directors. The count, as we understand it, merely recites that the court before whom that proceeding was pending found that the wrongful acts in question were done knowingly by the directors, but does not contain any direct averment otherwise than by recital that the acts were done knowingly. The averment of course that the court found that the deceased director did certain acts knowingly is not tantamount to an averment by the pleader that the deceased director did the acts knowingly. If this part of the petition had been demurred to specially we should have sustained it, because the knowledge of the director is not directly averred. But the demurrer is a general demurrer to the petition as a whole, and if there is one good cause of action stated in it the demurrer must of course be overruled. We do not know whether the plaintiff relies on the first count, but, as the matter stands, the other counts charge that the deceased did the acts and things complained of knowingly, and the demurrer must accordingly be overruled.