ALLEN v. LUKE et al.

(Circuit Court, D. Massachusetts. January 3, 1906.)

No. 2,135.

1. EQUITY—PLEADING—MULTIFARIOUSNESS.

A bill filed by the receiver of a bank against a number of the directors to recover money of the bank alleged to have been lost through defendants' misconduct is not bad for multifariousness, where the matters alleged are such as can most conveniently be tried in a single suit.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 371, 372, 377–379.]

2. BANKS AND BANKING—SUIT AGAINST DIRECTORS—RECEIVER OF NATIONAL BANK.

A receiver of a national bank may maintain a suit against the directors in behalf of creditors and stockholders to recover sums alleged to have been lost to the bank through the misconduct or negligence of defendants, and it is not a necessary condition precedent that violations of the banking act should have been previously adjudged in a suit brought by the comptroller.

3. SAME—PLEADING—CERTAINTY OF BILL.

In such a suit, it is not necessary that the bill allege the exact amount of the loss arising from each transaction set out where it is not yet known; but it should set out with particularity the acts of defendants relied on to constitute negligence or misconduct, and the details of the several transactions should be given with such fulness as can be done by complainant.

4. ABATEMENT AND REVIVAL—ACTION AGAINST BANK DIRECTOR—SURVIVAL.

A cause of action against a director of a national bank to recover for money lost to the bank through his negligence or misconduct survives against his executors.

In Equity.

Frank D. Allen and Walter L. Van Kleeck, for complainant.
Richard D. Ware, for Mason.
Ropes, Gray & Gorham, for defendants Porter & Luke.
Tower, Talbot, Hiler & Pillsbury, for defendants Weeks and others.
Boyd B. Jones, for defendant Loring.
Herbert L. Harding, for defendant Richardson.
Horace G. Allen, for defendant Allen.

LOWELL, Circuit Judge. This is a bill in equity, brought by the receiver of an insolvent national bank against certain of its former directors to recover, in behalf of creditors and stockholders, money lost by the bank through the alleged misconduct of the defendants.

The defendants have demurred to the bill on several grounds, viz.:

(1) For multifariousness. It is not possible to state with precision a test of multifariousness universally applicable. The court is of opinion that the trial and decision of the matters herein presented concerning all these defendants can most conveniently be had in one proceeding, and that this may be done without injustice to anybody. As no case has been cited which holds a bill like this to be multifarious, the court is left free to follow the rule of convenience.

(2) That the Comptroller of the Currency alone is entitled to sue. This contention is contrary to a practice so general that a judgment of a court of appeal is required to overthrow it.

(3) That the cause of action is barred by the statute of limitations (Mass. Rev. Laws, c. 202, § 5). The bill sets up the defendant's liability at common law, as well as under the banking act. That the statute of Massachusetts referred to does not affect common-law liability is admitted.

(4) That the directors cannot be held to answer in this proceeding until suit has been brought by the Comptroller, and violations of the banking act have been determined and adjudged. This contention is opposed to the unbroken practice, and that practice will be followed until it has been changed by a court of appeal.

(5) That the bill is uncertain. It was argued that the bill is uncertain in several respects:

(a) That there is no sufficient allegation of loss arising to the bank as the result of any particular transaction complained of. For example, regarding the Mason & Hamlin loan, the bill alleges "there will be a probable loss on this indebtedness of Mason & Hamlin Company of not less than $30,000." The complainant may be altogether unable to state the precise amount of the loss. The transaction may not yet be closed, and the allegation of the bill, though open to criticism in form, seems substantially sufficient. If he think fit, the complainant may amend the above allegation by substituting some phrase like this:

"There will be a large loss on this indebtedness, the precise amount of which cannot yet be ascertained by your complainant, but, according to his best estimate, will be not less than $30,000."

The bill further alleges that the bank is insolvent. From its insolvency the creditors must suffer loss. Though a recovery in this suit may restore solvency to the bank, and a surplus for the stockholders, yet the bill is not demurrable on that ground. To the varying rights of creditors, stockholders, and the present defendants, a court of equity can always do justice by orders made in the cause from time to time.

(b) That many of the transactions complained of, involving a number of loans and payments, are not sufficiently set out as to their dates and amounts. In this respect the bill seems demurrable under the decision of this court in Price v. Coleman (C. C.) 21 Fed. 357. If the complainant wishes to rely upon these matters he must amend by inserting transcripts of the accounts, or the like itemized statements, as was done in Stephens v. Overstolz (C. C.) 43 Fed. 771.

(c) That the bill does not set out with sufficient particularity the acts relied on to charge the several defendants. As to most of the transactions complained of, the bill alleges loss to the bank through the defendants' negligence and misconduct; but the nature of that misconduct is not set out. As it stands, the bill seems to me quite as objectionable in this respect as was the bill held demurrable by Judge Colt in Price v. Coleman.

Our judicial practice is sometimes complained of for depriving of his remedy a party who has good cause of action, but has failed to state that cause with precision. The complaint has some foundation. Decisions which have acquired authority, and which cannot now be lightly disregarded, may require a particularity of allegation greater than that which is sufficient to inform the defendant of the charge brought against him. In the case at bar, the information given by the bill regarding the transactions of the bank with Mason & Hamlin, Mitchell, Coburn, Damon, and others, may in fact be sufficient to inform the defendants of the pecuniary nature of the transactions complained of. Perhaps the defendants would suffer no substantial harm if they were compelled to obtain more specific pecuniary information by showing, in an application for particulars, that these were needed in order to prepare their defense. As the complainant, however, can easily meet the requirements of the decided cases by adding to the bill a transcript of the several accounts in question, no harm is done him by requiring him to amend accordingly. To require him to particularize the nature of the defendants' negligence upon which he relies, is a more serious matter. This particularization, however, is required by substantial justice, as well as by precedent. The complainant believes that the bank has suffered loss through the negligence and misconduct of the defendants, its directors, and so believing, has brought suit against them. But in order that the defendants may prepare their defense, in order that they may by demurrer raise questions of law without the expense of a trial of the facts, they are entitled to know the kind of alleged negligence upon which the complainant will rely. It is not sufficient that A., thinking he has a grievance against

B., should state merely that he has a grievance, and leave its nature to appear at the trial. Justice to the defendant and an economical ordering of judicial procedure require something more. Actionable negligence is not a habit of mind, but action or inaction contrary to the practice of reasonable men under the circumstances. The complainant must specify the action or inaction relied on. Here, for example, does he rely upon the failure of a given defendant to attend a particular meeting of the board of directors, or upon his joining in a particular vote which due care would have shown him to be improper, or upon specific intentional misconduct? These, or other kinds of action and inaction may be the concrete facts which the complainant has in mind when he charges negligence. The defendants are entitled to a concrete statement. Take, for example, the allegation in paragraph 32 of the bill, that the defendants "suffered and permitted the said (false) reports to be placed on file in the department of the Comptroller of the Currency." As to any particular defendant, what is the concrete misfeasance or nonfeasance upon which the complainant relies? Each defendant is entitled to know, as to himself in particular, what the complainant means by the words "suffered and permitted," for this reason, if for no other, that he may question by demurrer if the action or inaction complained of is ground for his liability under the decisions in Briggs v. Spaulding, 141 U. S. 142, 11 Sup. Ct. 924, 35 L. Ed. 662, and like cases. Most of the instances specified in the bill are the acts of the corporation, some appear to be acts of the board of directors. These acts, as such, do not render any defendant liable, but only the act or omission of that individual defendant, by which improper corporate acts have been caused or permitted. The individual act, as well as the corporate, must be set out, and therefore these allegations of the defendants' misconduct are held to be insufficient.

The allegations of paragraph 17 "that the said directors utterly failed and neglected to perform their aforesaid official duties, and each and every of them, and that for a considerable period of time prior to said November 13, 1902, as hereinbefore and hereinafter set forth, failed to give any adequate attention to the affairs of said bank, and allowed the said bank to be improvidently and recklessly managed," and that the defendants "wholly failed and neglected to make personal examinations into the conduct and management of its affairs, and into the condition of its accounts," are too general, especially as they are unrelated to any particular occasion of damage. It is possible that language might be pieced together from different paragraphs of this necessarily voluminous bill, which would sufficiently allege actionable wrong done by some defendant. This has not been pointed out, and, in any case, I hold that the bill must be considerably amended before it will sufficiently present the issues, which the complainant obviously wishes to raise.

The executors of a deceased director, who have been made defendants, demur upon the ground that the cause of action does not survive the death of their testator. The contrary is settled for this court by Boyd v. Schneider, 131 Fed. 223, 65 C. C. A. 209.

Demurrer sustained. Complainant has 30 days to amend his bill.