## CURTIS v. PHELPS et al.

### (District Court, N. D. New York. November 3, 1913.)

ABATEMENT AND REVIVAL (§ 53*)—ACTION AGAINST DIRECTORS OF NATIONAL BANK—SURVIVAL.

There is an implied contract on the part of the directors of a national bank to faithfully perform their duties as directors, and if by their misconduct or negligence damage results to the creditors or stockholders, a cause of action arises which may be enforced by a receiver. Such a cause of action is contractual, and survives against the representatives of a deceased director.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 251, 252; Dec. Dig. § 53.*]

At Law. Action by Rensselaer L. Curtis, as receiver of the First National Bank of New Berlin, against Almer H. Phelps and others. On application for order bringing in and substituting as party defendant the personal representative of defendant Chapin, who died since the commencement of the action. Granted.

Geo. W. O'Brien, of Syracuse, N. Y., for complainant.

Percy J. Thomas, of New Berlin, N. Y., and H. C. Stratton, of Norwich, N. Y., for Ida F. Chapin, personal representative.

RAY, District Judge. There is an implied contract and undertaking on the part of the directors of a national bank to properly and faithfully perform their duties as directors, and if by misconduct or negligence they fail to perform such duty and damage results to the creditors of the bank, or the stockholders, a cause of action arises which may be enforced by the receiver in behalf of the creditors and stockholders. Such a cause of action is contractual, and arises out of the contractual relation of the parties, and is not in tort. It is equally true that an action to recover a penalty imposed by statute, or a forfeiture incurred, is in tort, and in the absence of some provision of law preserving the right or cause of action against the personal representative, same would abate with the death of the defendant.

As I read the complaint in this action it is intended to set up and plead a cause or causes of action against the defendants here of the character first mentioned; that is, a cause of action based on the non-performance or the negligent performance of the implied contract of the defendants to see that the assets of the First National Bank of New Berlin, of which bank they were directors, were used in the manner and for the purposes prescribed by the national banking act, whereby damages to the creditors, depositors, and stockholders resulted. Such a breach of the contractual duty of directors may arise from acts or omissions, some of which would subject them to a penalty under the national banking act, and if the action is to enforce and collect the penalty it would not survive the death of the wrongdoer; but if the action is based on the breach of implied contract, the cause of action does survive. The remedy of enforcing the penalty in such case would not be exclusive. I think this case is within and

covered by Allen v. Luke et al. (C. C.) 141 Fed. 694, and Boyd et al. v. Schneider et al., 131 Fed. 223, 65 C. C. A. 209. In Allen v. Luke, supra, it is held:

"A receiver of a national bank may maintain a suit against the directors in behalf of creditors and stockholders to recover sums alleged to have been lost to the bank through the misconduct or negligence of defendants, and it is not a necessary condition precedent that violations of the banking act should have been previously adjudged in a suit brought by the comptroller. * * * A cause of action against a director of a national bank to recover for money lost to the bank through his negligence or misconduct survives against his executors."

In Boyd et al. v. Schneider et al., supra, it is held:

"Where several depositors of a national bank had claims against a number of the bank's directors, arising out of their failure to take steps to prevent the bank's assets being improperly loaned, and none of such depositors could, by separate suits at law, recover that to which he was entitled, such depositors were entitled to maintain a single suit against such directors in equity. * * * An action by depositors against directors of an insolvent national bank to recover damages for breach of the directors' *implied* contract to see that the bank's assets were used in the manner prescribed by the national bank act is an action on contract, and survives against representatives of deceased directors."

I am of the opinion, therefore, that under the allegations of the bill of complaint the cause of action therein set out survives and that the motion to revive, continue, and substitute, or bring in, must be granted. In Stephens v. Overstolz (C. C.) 43 Fed. 465, it is held:

"An act of Congress imposing a legal liability on the directors of a national bank for certain things which they may do, which shall result in an injury to the bank, its stockholders, or creditors, and making them liable for the amount of the damage, is a remedial and not a penal statute, and therefore an action under it survives against the estate of a director. Where a bank director makes a wrongful loan of money, from which loss occurs, it is no defense to an action by the receiver of the bank against the director's estate that the insolvency of the person to whom the loan was made was not discovered until after the death of the director and the appointment of the receiver."

Motion granted.