HARRY T. MOORE v. ERWIN BOECK.[1]

February 19, 1926.

No. 25,119.

**Claim for breach of contract within exclusive jurisdiction of probate court.**
Action for damages for breach of a contract to exchange farms, made between plaintiff and the deceased of whose estate defendant is the administrator. The answer pleads and the evidence shows that the cause of action accrued before the time had expired for filing claims against the estate, hence the claim in suit could be asserted only in the probate court.

Contracts, 13 C. J. p. 651 n. 57.
Executors and Administrators, 24 C. J. p. 323 n. 82.

[1]Reported in 207 N. W. 326.

Action in the district court for Blue Earth county. The case was tried before Comstock, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Evan Hughes*, for appellant.

*Regan & Grogan*, for respondent.

HOLT, J.

Action begun in the district court to recover damages for failure of defendant, as administrator of the estate of Henry Boeck, deceased, to carry out an exchange of farms. Plaintiff made a contract with Henry Boeck, on October 16, 1922, to convey a farm in Blue Earth county to Boeck, for which the latter was to convey a farm to plaintiff in South Dakota. Both farms were to be conveyed subject to mortgages, and Boeck agreed to pay $1,200 to boot. He paid $1,000 when the contract was made, and was to pay $200 on March 1, 1923, when deeds were to be delivered and possession taken. Henry Boeck died November 6, 1922. Defendant was duly appointed administrator of the estate on January 2, 1923, and an order made for creditors to present claims. No claim was filed by plaintiff in the probate court. At the trial defendant unsuccessfully challenged the jurisdiction of the court. The case was submitted to the jury and a verdict of $200 for plaintiff was returned.

The record conclusively shows that, prior to the expiration of the time of the six months fixed by the probate court for the filing of claims against the estate of Henry Boeck, deceased, this defendant notified plaintiff that the contract for the exchange of the farms would not be carried out. If any claim arose out of the breach of the contract in favor of plaintiff, it then accrued against the estate of Henry Boeck and could and should have been filed in the probate court. Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110. The record also discloses that plaintiff is not in position to sue for specific performance, having lost title to the farm he contracted to convey. It is difficult to see how an action for damages can remain to him.

However, this action is solely for damages—a money demand growing out of a contract with defendant's decedent. It is not a contingent claim, for it became fixed, if it can arise at all under the condition here revealed, when defendant gave notice of the repudiation of the contract. There was then time to assert it in probate court, which had exclusive jurisdiction. The estate had not been closed when the trial was had. Jorgenson v. Larson, 85 Minn. 134, 88. N. W. 439, is decisive of the question that plaintiff cannot assert his claim in the district court. That court erred in entertaining the action, and the verdict rendered is contrary to law. No motion for a directed verdict was made at the close of the testimony, so there cannot be judgment non obstante, but a new trial must be awarded.

Order reversed.