### BENTON et al. v. DEININGER et al.

District Court, W. D. New York. June 30, 1927.

On Entry of Order August 10, 1927.

1. **Banks and banking ⬅254—Recovery for violating statute by making false reports as to bank's resources depends wholly on extent of damages (National Banking Act [12 USCA §§ 93, 161]).**

In action for damages for violation of National Banking Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), by making false reports as to resources of bank, there is no fixed penal-

ty, and recovery depends wholly on extent of damages proven.

*On Entry of Order.*

2. **Abatement and revival ⬅55(3)—Right of action against bank director for false reports of resources survives against defendant's personal representatives (National Banking Act [12 USCA §§ 93, 161]; Decedent Estate Law N. Y. § 120).**

Right of action against bank directors for violating National Banking Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), by making false reports as to bank's resources, does not abate on death of defendant, but survives against his personal representatives under Decedent Estate Law N. Y. (Consol. Laws, c. 13) § 120, since substance of action is remedial rather than penal.

3. **Courts ⬅343—In determining whether right of action against bank director for making false reports survives against deceased defendant's representatives, law of state must guide federal court (National Banking Act [12 USCA §§ 93, 161]).**

In determining whether right of action against bank director for violating National Banking Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), by making false reports as to bank's resources, survives against deceased defendant's personal representatives, law of state where action is originally brought must guide federal court, since cause of action is to recover under remedial statute.

Action by Isaac S. Benton and others against William Deininger and others. On motion to revive action against Julia Breed French, personal representative of deceased defendant, George J. French. Order of revival entered.

See, also, 21 F.(2d) 657.

Barber B. Conable, of Warsaw, N. Y., and Louis L. Thrasher, of Jamestown, N. Y., for plaintiffs.

Hubbell, Taylor, Goodwin & Moser, of Rochester, N. Y., for Julia Breed French.

HAZEL, District Judge. The question submitted is whether a particular cause of action alleged in the complaint survives, and, if it does, concededly it may be continued against the personal representative of the deceased in question. Rev. St. § 914 (28 USCA § 724 [Comp. St. § 1537]); Gerling v. Baltimore & Ohio R. Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311.

In the instant case, the death of George J. French occurred after this action was brought and process served upon him. Its basis is to recover damages for violation of the National Banking Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), the deceased person having been a director of the National Bank of Commerce of Rochester. The

complaint alleges that the deceased and other directors made false reports as to the condition of the bank upon which plaintiffs relied in their purchase of bank stock, and suffered pecuniary loss.

[1] The various authorities cited in the briefs have been considered, but I incline to the view that the cause of action has not abated, but survives against the personal representatives of the deceased. The statute, authorizing the action, is remedial, and its intendment was that directors should become personally liable for damages which its shareholders or other persons sustained in consequence of failure to comply with their statutory duties. Although in a sense the statute is penal, it was nevertheless intended to afford a civil remedy for a wrongful act, without involving a direct issue of tort. There is no fixed penalty, and the recovery depends wholly upon the extent of damages proven. Stephens v. Overstolz (C. C.) 43 F. 46.

In Boyd v. Schneider, 131 F. 223, the Circuit Court of Appeals for the Seventh Circuit regarded an action brought against directors of an insolvent national bank for failure to properly apply its assets, as in the nature of an implied contract, which survived against the personal representatives of a deceased director.

In Yates v. Jones National Bank, 206 U. S. 158, 27 S. Ct. 638, 51 L. Ed. 1002, the suit was against directors of a national bank for mismanagement and waste of assets and general neglect of duty, resulting in plaintiff's damage. It was continued against an administrator of a deceased director.

In Allen v. Luke (C. C.) 141 F. 694, a receiver of a national bank brought action for misconduct or negligence of the directors on behalf of creditors and stockholders and the cause of action was also held to survive against the executor of a director.

This action was removed to this court from the state Supreme Court, and, under the Decedent Estate Law (Consol. Laws N. Y. c. 13) § 120, survived against the representatives of the deceased director.

Counsel for the executrix, appearing specially, relies upon actions for penalties and forfeitures under the copyright laws, which, however, specifically declare the amount of the penalty that may be recovered, qui tam actions for penalties, and, in some instances, for negligence wherein personal injuries were sustained, and generally actions arising ex delicto, which I conceive are not strictly apposite. Nor does Chesbrough v. Woodworth (C. C. A.) 195

F. 875, modify the decisions above cited. Indeed, in that case the learned court declared that making a false report, under the statute here considered, did not constitute an underlying wrong, since it was "the medium of necessary causal relation between wrong and damage," without involving a direct issue of negligence. It must therefore be ruled herein that the cause of action alleged in the complaint did not abate on the death of the defendant French, even though it is not claimed that the estate benefited by his failure to comply with the statute.

The motion is granted. A supplementary summons and complaint may be served upon the survivor's representative. So ordered.

## On Entry of Order.

[2, 3] Consideration has again been given to the arguments of counsel for defendants, and the various authorities cited by him, but I think now, as I did when the original opinion was filed, that the right of action has not abated. It is true that actions for a common-law tort abate, even though they are in their nature statutory, unless there is a survival provision, but I still think that the substance of the action with which we are here concerned is remedial, as distinguished from those that are purely penal. Concededly actions brought by a receiver of a national bank against its officers or directors for misappropriation or misapplication of its fund, or actions brought against the directors by the bank, under section 5239, Rev. St., the National Banking Act, to recover loss due to making false reports, do not abate as against the personal representatives of a director. This rule of decision is not limited to losses sustained by the bank or its depositors, since, under the statute, a director is liable, in terms, for damages sustained by the bank, its stockholders, or any other person. The cases of Stephens v. Overstolz (C. C.) 43 F. 465, and Boyd v. Schneider (C. C. A.) 131 F. 223, are perhaps, as contended, actions brought by depositors for violation of the bank's implied contract, still, as stated in my original opinion, the remedy here invoked does not involve a direct issue of common-law tort. To falsify the report and mislead purchasers of stock was, of course, a wrongful thing to do, and the extent of the liability, not unlike what was said in Stephens v. Overstolz, supra, is the damage imposed on others. Moreover, as the cause of action is to recover under a remedial statute, I think that the law of this state, where the action was originally brought, must guide me in the

determination that the remedy did not abate by the death of the wrongdoer, and that the claim is one that survives against his estate. No direct authority is cited to the contrary, while Langdon v. Penn. R. Co. (D. C.) 194 F. 486, holds that a cause of action survives when it was brought to recover damages under the Interstate Commerce Act (49 USCA § 1 et seq. [Comp. St. § 8563 et seq.]); such an action not being limited to the recovery of a penalty. There the court applied the state statute which provided that the executor or administrator had power to prosecute any personal action which deceased might have prosecuted, except for slander, libel, or for wrongs to the person. In Baltimore & Ohio R. Co. v. Joy, 173 U. S. 226, 19 S. Ct. 387, 43 L. Ed. 677, an action for negligence, the Supreme Court ruled that the survival of the action, upon the death of either party, depended primarily upon the laws of the jurisdiction in which the action was commenced. It was not an action under a federal statute, but nevertheless it has a bearing upon the right of revival of a right to enforce a remedial statute. In Cockrill v. Butler (C. C.) 78 F. 679, the action was against the directors of a national bank under section 5239, R. S., and there the liability was held to be a common-law tort, but it was also ruled that the state statute of limitations applied. Other citations have been examined, but the weight of authority is believed to support the conclusion that actions such as this are remedial in a contractual sense, and, inasmuch as the action was originally begun in the state court and removed here, it survived under the Decedent Estate Law of this state.

The order of revival may be entered.