### ORTH v. MEHLHOUSE et al.

District Court, D. Minnesota, Fourth Division. November 27, 1929.

No. 962.

George A. Barnes, of Redwood Falls, Minn., and Putnam & Carlson, of Blue Earth, Minn., for plaintiff.

Murray & Baker, of Bird Island, Minn., for defendant Lilah Sausele.

SANBORN, District Judge. The defendants, together with F. H. Sausele, the administratrix of whose estate is made a party to this action, had been directors of the bank for which the plaintiff is receiver. The amended bill of complaint asks that the defendant's account for the money lost through their alleged negligent and unlawful acts while directors of the bank; that the liabilities of the defendants as between themselves be segregated and determined; and that the plaintiff have judgment against each of them for the amount of damages determined in the accounting, and for such other or different relief as may be just and proper. Counsel for the plaintiff and for the administratrix of the estate of F. H. Sausele have moved the court to determine the question as to whether, under the pleadings and certain facts which are conceded, the action can be maintained against the administratrix.

It is conceded that F. H. Sausele was a director of the bank at the time of his death, October 28, 1925. The administratrix was appointed by the probate court of Renville county on December 8, 1925. The estate has not yet been fully administered in that court. On December 8, 1925, the probate court entered an order limiting the time for creditors to file claims to six months from that date, and at the same time an order was entered limiting the time to close up the administration of the estate to one year and six months from December 8, 1925. The bank closed its doors January 5, 1927, the plaintiff receiver was thereafter appointed, and this action was brought more than eighteen months after December 8, 1925.

If the claim against F. H. Sausele, which forms the basis of this action, was one which, under the state law, was required to be presented to the probate court for allowance, it is barred. Sections 8809, 8811, 8812, General Statutes of Minnesota 1923; Clark v. Gates, 84 Minn. 381, 87 N. W. 941; Moore v. Boeck, 166 Minn. 200, 207 N. W. 326; Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110; State ex rel. Scherber v. Probate Court, 145 Minn. 344, 177 N. W. 354, 11 A. L. R. 242; Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 711. Nor can an action be maintained in a federal court upon it. Security Trust Co. v. Black River National Bank, 187 U. S. 211, 23 S. Ct. 52, 47 L. Ed. 147. See, also, Bauserman v. Blunt, 147 U. S. 647, 652, 13 S. Ct. 466, 37 L. Ed. 316; Leffingwell v. Warren, 2 Black. (67 U. S.) 599, 17 L. Ed. 261. Federal courts exercising jurisdiction over executors and administrators of the estates of decedents within a state are administering the laws of the same and are bound by the same rules which govern the local tribunals. Security Trust Co. v. Black River National Bank, 187 U. S. 211, 227, 228, 23 S. Ct. 52, 47 L. Ed. 147.

The plaintiff contends that the claim against Sausele is one which arises in tort and therefore is not a provable claim. It has been held that such claims arise out of the breach of an implied obligation of the directors of a bank to faithfully, carefully, and lawfully perform their duties, so that they survive against the representatives, and heirs of deceased directors. Boyd v. Schneider (C. C. A.) 131 F. 223, 229; Bates v. Dresser (D. C.) 229 F. 772, 798; Benton v.

Deininger (D. C.) 21 F.(2d) 659, 661; Stephens v. Overstolz (C. C.) 43 F. 465; Allen v. Luke (C. C.) 141 F. 694, 697. See, also, Cockrill v. Cooper (C. C. A.) 86 F. 7; Cooper v. Hill (C. C. A.) 94 F. 582; Rankin v. Cooper (C. C.) 149 F. 1010.

██ Section 5239, Revised Statutes of the United States, 12 USCA § 93, making every director liable for any damages sustained by a national bank by reason of a violation of the banking laws knowingly committed or permitted, is remedial and not penal. Stephens v. Overstolz, supra.

In speaking of this section, Judge Thayer, in the case of Cockrill v. Cooper, supra, said (86 F. at page 12): "The concluding paragraph of section 5239, which declares, in effect, that the directors of a national bank shall be personally liable for damages resulting from violations of the national bank act, provided they participate therein or assent thereto, is nothing more than a recognition of a liability which the directors of such institutions would incur at common law in the absence of the statute. The directors of a bank or other corporation are, and always were, personally liable at common law for unauthorized acts, as well as for a failure to exercise proper care and diligence in the discharge of the duties of their office, when such acts of misfeasance or nonfeasance are productive of damage to the corporation." It would therefore appear that the cases herein cited which refer to the liability of directors under the statute would be applicable to those arising under the obligation imposed by the common law.

There have been cases in which the courts have refused to apply a state statute of limitations to suits of this character. In Welles v. Graves (C. C.) 41 F. 459, Judge Shires held that a state statute of limitations did not apply to such an action, although it was brought at law. In Rankin v. Cooper, supra, where the suit was in equity, Judge Finkelnburg refused to apply a state statute of limitations, because of peculiar circumstances.

In Cooper v. Hill, supra, the Circuit Court of Appeals of this circuit did apply the state statute of limitations to an action in equity, saying, however (94 F. 590): "Ordinarily laches runs pari passu with the statute of limitations. If the latter has barred the analogous action at law, laches has stayed the corresponding suit in equity. But if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer, or to forbid its maintenance after a longer, period than that fixed by the statute, the chancellor will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it."

Section 8812, General Statutes of Minnesota 1923, provides: "All claims against the estate of a decedent, arising upon contract, whether due, not due, or contingent, must be presented to the court for allowance, within the time fixed by the order, or be forever barred: Provided, that contingent claims arising on contract, which do not become absolute and capable of liquidation before final settlement, need not be so presented or allowed."

I have been unable to find that the Supreme Court of Minnesota has ever held that a claim against a deceased director of a corporation based upon his neglect of duty as an officer is one which must be presented to the probate court. In St. Croix Boom Corp. v. Brown, 47 Minn. 281, 50 N. W. 197, it was apparently assumed that such a claim must be filed.

The claim against Sausele was not a contingent claim arising on contract which had not become absolute and capable of liquidation before final settlement of his estate. It is obvious that his liability became absolute and capable of liquidation prior to the expiration of the time for filing claims in his estate. Everything had then happened which conditioned his liability and the amount of damages chargeable to him, so that this claim did not fall within the proviso of section 8812. While in one sense the cause of action here arises out of an implied contract, in another sense it arises from alleged wrongful acts, misconduct, and breaches of trust. The common law and the statute provide a remedy, but do not impose a penalty, and the remedy may be enforced in equity. Cockrill v. Cooper, supra. It would therefore seem that the claim is not one arising exclusively upon contract, even though the claim is sufficiently contractual in its nature so that it survives the decease of a director.

In Re Martin's Estate, 56 Minn. 420, 423, 57 N. W. 1065, 1066, Judge Mitchell held that the liability of the estate of a deceased stockholder for corporate debts, under the state Constitution, was not a claim which could be presented to the probate court for allowance. Speaking of the claim, he said: "The probate court has neither the power nor the machinery by which to determine either the existence or amount of such a liability, or to enforce it. It cannot bring in other stockholders or other creditors of the corporation as parties, so as to adjust their respective rights. The presentation of such

a claim to that court would be a useless and idle ceremony." He also said: "Our conclusion, therefore, is that while this claim is, in one sense, one 'arising upon contract,' to wit, the contract implied by the constitution, it is, by virtue of the inherent limitation of the Probate Code itself, impliedly excluded from those which can be presented for allowance by the probate court."

The difficulty which a probate court would have in liquidating and allowing such a claim as this is well illustrated by this statement from the opinion in Cockrill v. Cooper, supra (86 F. at page 15): "An investigation into the merits of this charge will necessarily involve a critical inquiry into the financial condition of the bank on each of said occasions; and as this court held in Hayden v. Thompson, 36 U. S. App. 361, 369, 17 C. C. A. 592, and 71 F. 60, that is an inquiry which is peculiarly appropriate to a court of chancery, since an account of any considerable length or intricacy cannot be stated before a jury with that degree of fairness and accuracy which is necessary, or at least desirable, in a judicial proceeding. We are led to the conclusion, therefore, that the legal remedy for the grievances alleged in the bill is neither as practical and efficient, nor as conducive to the speedy and correct administration of justice, as the remedy obtainable in equity. In the latter forum it will be possible in a single proceeding, and with much less labor and expense, to measure the responsibility of each director for the losses which the bank may have sustained in consequence of the alleged negligent and unauthorized acts of the directors, and at the same time to adjust all rights and equities of the directors, as between themselves, and as between them and the receiver, with reasonable accuracy, and with a close approximation to exact justice. In a case of this character such a result cannot be obtained at law. In conclusion, on this branch of the case, it is proper to add that for obvious reasons courts of equity are best adapted to adjust controversies such as usually arise between receivers of insolvent corporations and the directors and managers of such concerns. The remedial processes of a court of chancery are of special utility in such cases, since it is usually found necessary, in the course of such proceedings, to unravel many irregular and intricate transactions, to the end that the responsibility for losses which have been sustained through the careless or fraudulent acts of directors or other managing officers may be located where it of right belongs. In a court of law there is always a greater probability that the guilty will escape detection, or that the innocent will be made to suffer for the wrongful acts of others. For this reason it seems evident that receivers and assignees of insolvent corporations will be embarrassed and delayed in the discharge of their duties, that the creditors of such concerns will in many cases sustain loss, and that equal and exact justice will not always be done, if the right of such officers to invoke the remedial powers of a court of chancery in aid of the administration of the trusts that have been committed to their charge is denied. The public interest therefore seems to demand that the right of such officers to sue in the forum of equity should neither be viewed with disfavor, nor denied on slight or technical grounds."

It is possible that In re Martin's Estate, supra, may be distinguished from the case at bar, upon the theory that, while stockholders or other creditors of the corporation there involved were necessary parties, the other directors in this case are not necessary parties; their liability being joint and several.

While it cannot, perhaps, be said with certainty that the claim against F. H. Sausele, which constitutes the basis of this suit against his administratrix, is not one provable in the probate court, almost the exact language used by Judge Mitchell can be appropriately employed here. While this claim is, in one sense, one "arising upon contract," to wit, the contract implied by common law and the federal statute above referred to, it is, by virtue of the inherent limitation of the Probate Code itself, impliedly excluded from those which can be presented for allowance by the probate court.

My conclusion is therefore that the plaintiff may maintain his action against the administratrix.