## ZUCKERMAN v. McCULLEY.
### No. 5619.

District Court, E. D. Missouri, E. D.

June 4, 1948.

Samuel H. Liberman and Gideon H. Schiller, both of St. Louis, Mo., for plaintiff.

Louis E. Miller and B. Sherman Landau, both of St. Louis, Mo., for defendant.

HULEN, District Judge.

We rule for a second time on sufficiency of service on defendant. The first motion concerned manner of service. Zuckerman v. McCulley, 7 F.R.D. 739. Jurisdiction based on the statute of limitations is now the issue.

Defendant is executrix of the estate of Samuel Zuckerman. Plaintiff was the wife of Samuel Zuckerman. She sues for $12,-680.00 for care, support, education and maintenance of Betty Zuckerman, a child born of the marriage. Jurisdiction of the Court is based on diversity.

The question is this: Section 182, R.S. Mo.1939, Mo.R.S.A., provides all demands against an estate not "exhibited" within one year shall be barred,[1] the year to begin from the date of the granting of the first letters on the estate, and Section 184 recites that all actions commenced against an executor shall be considered demands legally exhibited against such estate "from the time of serving the original process on such executor or administrator." Plaintiff filed her suit but did not obtain the service now relied on until after the year had expired. Defendant moves to dismiss under the one year statute of limitations.

Plaintiff, to escape the effect of the one year statute of limitations, argues: (1)

---

[1] With exceptions not here involved.

that under Rule 3, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, filing of the complaint tolls the statute of limitations, and (2) that defendant's conduct estops her from invoking the limitation statute.

■ I. Authority supports the general rule of law that filing of the complaint tolls statutes of limitations resting on "commencement" of actions. Articles 8 and 9, R.S.Mo.1939, Mo. R.S.A. (Sec. 1002 et seq.) indicate the reason for the general rule. These statutes use the terms—"no action shall be brought"—"or commenced" preceding or following terms of limitations. The Act, referring to suits for recovery of lands (Sec. 1002), reads: "No action for the recovery of any lands * * * shall be *commenced* * * * unless * * * seized or possessed * * * within ten years before the *commencement* of such action." The law on personal actions (Sec. 1012), reads: "[they] can only be *commenced* within the periods prescribed in the following sections * * *." (Emphasis added.) In suits against administrators or executors, in case the defendant die (Sec. 1027) "the plaintiff may *commence* a new action against * * * executors * * * within one year after such death; or * * * within one year after letters testamentary or of administration shall have been granted * * *." Following the various general limitation statutes Section 1033 of the chapter on civil procedure reads: "The provisions of articles 8 and 9 of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

■■ It is obvious the general statutes on limitation of actions are tolled by "commencement" of the action. To them Rule 3 of Federal Rules of Civil Procedure applies. Filing of the complaint is commencement of the action, where filed with intent in good faith to prosecute.

■ Here we have a special statute. A situation "otherwise limited" and expressly recognized by Section 1033, and removing Articles 8 and 9 from control of the action. The special limitation statute (Sec. 184) departs from the language used in Articles 8 and 9. Demands must be *exhibited* to the representative of the estate within one year. An action commenced against an executor, such as here, under the plain language of the statute, shall be considered as a demand legally exhibited *"from the time of service of the original process on such executor or administrator."* Service of process is made a condition for the exhibition of the demand for commencement of the action. Filing of the complaint does not meet the terms of the statute and we cannot amend it by reading into it something that is not there.

Defendant cites the case of Bomar v. Keyes, 2 Cir., 162 F.2d 136, 140. This case does hold that the filing of the complaint tolls the statute but the opinion recognizes the exception to the rule in the following language: "We have not to deal with a case in which the limitation is annexed as a condition to the very right of action created."

The case of State ex rel. Dean v. Daues, 321 Mo. 1126, 14 S.W.2d 990, loc. cit. 998, bears upon the question in that it shows the construction placed upon the statutes concerning allowance and classification of demands against deceased persons. If the holding was not sufficient for this purpose, the quotation used in the opinion from Woerner, American Law of Administration, should leave no doubt on the subject (3d Ed., Sec. 402, p. 1326): "The statute of nonclaim, or of limitation specifically to estates of deceased persons, is in most states applied more rigorously than the general statute of limitation."

We are confident the Courts of Missouri would not agree with plaintiff's contention and we cannot give the Federal Rules of Civil Procedure, in a case of this character, an interpretation that would lead to a result different from the result, had this case been ruled by the State Court. Recognition by the Federal Courts of the force and effect of State statutes, in such cases, was evident long prior to the ruling in the Erie case, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. See Security Trust Co. v. Black River National Bank (187 U.S. 211, 23 S.Ct. 52, 58, 47 L.Ed. 147), where the Court said: "Some general principles

have become so well settled as to require only to be stated. * * * the courts of the United States, in enforcing claims against executors and administrators of a decedent's estate, are administering the laws of the state of the domicile, and are bound by the same rules that govern the local tribunals. Aspden v. Nixon, 4 How. [467], 498, 11 L.Ed. [1059] 1074 * * *."

Basing its opinion on the ruling in the Security Trust Co. case, the Court in Goodno v. Hotchkiss, D.C., 237 F. 686, 701, said: "Federal courts, in enforcing claims against estates of decedents and executors and administrators thereof, are administering the laws of the state of the domicile, and are bound by the same statutes and rules that govern the local tribunals."

To the same effect is a ruling by Judge Sanborn, as District Judge, in Orth v. Mehlhouse, D.C., 36 F.2d 367.

We find no Missouri case ruling on a situation precisely like the one presented by the record in this case. The case of Certain-Teed Products Corporation v. Luke, 9 Cir., 74 F.2d 384, loc. cit. 386, states the law which we believe rules the point: "The general rule is stated in 24 C.J. § 1968 as follows: 'As the usual effect of a failure to observe the requirements of statutes limiting the time for presenting claims against the estate of a decedent, or for bringing action against executors or administrators, is to bar the right as well as the remedy, the bar created by these statutes cannot be waived by the personal representatives.' In absence of a special statute making exceptions to the bar of the statute resulting from a failure to present a claim or bring action upon a rejected claim within the time allowed, the courts are powerless to relieve the claimant who has failed to comply with the statute. See Notes in 11 A.L.R. 246; 66 A.L.R. 1415."

II. The record, presented by stipulation on hearing of the present motion, reveals defendant left the State with the intent to avoid service, a few days prior to the expiration of the period of limitation. Plaintiff's position is that since the defendant, with the intent to evade service of summons in this case made it impossible for plaintiff to obtain service within the year, she is precluded by her own conduct from relying upon the statute as a defense.

We assume and find for purpose of this ruling defendant did leave the State to evade service and under such circumstances as to prevent personal service within the statutory period. No stronger presumption could result from the record.

There are two answers to plaintiff's second position. Defendant did not make it impossible for plaintiff to obtain service by leaving the State since defendant could have been served by substituted service. We pointed out in the memorandum on the previous motion, were the question solely whether defendant's place of abode was as listed in the Probate Court records, we would hold the service good. The service was held bad because the party served was not a person of defendant's family. We tried to explain, had the service been obtained on someone who resided at the address given by the defendant and shown on the records of the Probate Court, we would have held the service good. Defendant could not prevent obtaining substituted service by leaving the State.

We have heretofore pointed out that the statute of limitations governing this case is a special one not included in the general chapter on limitations of actions. It contains no exceptions. The effect of fraud on tolling special statute of limitations was before the Supreme Court of Missouri in State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347. The Court held, 178 S.W. 2d loc. cit. 350: "This court has uniformly held that where a statute of limitations is a special one, not included in the general chapter on limitations, the running thereof cannot be tolled because of fraud, concealment or any other reason not provided in the statute itself." This opinion concludes: "The purpose of such statutes [here the particular statute was one specifying a statute of limitations for probating a will] is expressed in one of the earliest of them, 21 James I, chap. 16, 'For the quieting of men's estates and the avoiding of suits.' In particular cases, this inflexible limitation may seem harsh. If so, the remedy is legislative, not judicial."

The strictness of the rule was recognized in the Goodno case, supra, 237 F. loc. cit. 701: "The failure to exhibit a claim within the time limited by the court of probate for the presentation of claims against a deceased person's estate forever debars the demand. There is no provision for suspension during the disability of the claimant. It is a statutory bar, which, to quote the language of Lewin in his work on Trusts, p. 866, affords a substantial, insuperable obstacle to the plaintiff's claim, and no plea of poverty, ignorance, or mistake can be of any avail. However clear and indisputable the title, could the merits be inquired into, the limited time has elapsed, and the door of justice has closed. The language of Judge Story, quoted in the defendants' brief, suggests a reason for the strict application of the statute. He says this statute of limitations as to executors and administrators is not created for their own security or benefit, but for the security and benefit of the estates which they represent; it is a wholesome provision, designed to produce a speedy settlement of estates and the repose of titles derived under persons who are dead. If it appears to work harshly in this case, the law is nevertheless so that, whenever this statute comes in, it applies regardless of any hardships which it may work, and we must regard this claim as barred by the failure to present it * * * within the time limited by the court of probate."

The language is equally compelling in the Certain-Teed case, 74 F.2d loc. cit. 386:

"As stated in Bancroft's Probate Practice, § 892: 'Misleading statements, assurances, or conduct of the representative inducing a creditor to omit compliance with the statutes in presenting a claim or suing upon such claim do not estop the representative from contesting the claim upon the ground of non-compliance with statutory requirements. A fortiori, the conduct of the representative's attorney cannot operate to estop the representative in such matters.' To the same effect, see Vanderpool v. Vanderpool, 48 Mont. 448, 138 P. 772.

"A federal court of equity cannot relieve a claimant from the consequences of his failure to comply with the nonclaim statutes of the state of the domicile of decedent unless there is also a statute of that state permitting an action against the personal representative, notwithstanding the statutory limitation, in case justice and equity require it. * * *"

The case of Pufahl v. Estate of Parks, 299 U.S. 217, loc. cit. 226, 230, 57 S.Ct. 151, 156, 81 L.Ed. 133, states the position of a plaintiff seeking relief in a Federal Court, such as plaintiff now urges:

"Where, as here, a res has come into the possession and under the control of a state court, one having a right to go into the federal court, either by reason of diversity of citizenship, or because he is a federal officer, cannot obtain a judgment or decree entitling him to interfere with the administration of the res by the court having its possession. While he may not be denied his right to prosecute an action to judgment or a suit to final decree in the federal court, such judgment or decree can do no more than adjudicate the validity and amount of his claim. * * *

"A creditor cannot subject inventoried assets, undistributed and held by the administrator, to the payment of his claim by instituting, after the expiration of the year, and prosecuting to judgment, an action of debt against the administrator. Nor can one who has failed to present his claim to the probate court, or to institute suit or action on it within the year, resort to a court of equity to have his demands paid out of undistributed inventoried assets."

We see no escape from the conclusion that this Court is powerless to extricate plaintiff from the position in which she finds herself by reason of failure to secure service on defendant within the one-year period of limitation of the Missouri statute, as required by the Missouri Act.

## Order and Final Judgment

Motion of the defendant to dismiss plaintiff's action being duly considered and the Court being fully advised in the premises, and it appearing the Court is without jurisdiction because plaintiff's claim is barred by the statute of limitations resulting from failure to obtain service on the defendant

within the one-year limitation period, it is therefore

Ordered and adjudged that plaintiff's complaint be dismissed and the costs of this action are taxed against the plaintiff.