Jules EPSTEIN, a stockholder of United States Glass & Chemical Corporation, suing in behalf of himself and all of the stockholders similarly situated and in behalf of and in the right of United States Glass & Chemical Corporation, Plaintiff,

v.

David L. SHINDLER, Joseph Abrams, Charles Gordon, John Gold, William Freiman, Alfred W. Owen, Harold Antin, Bostwick Westbury Corp., Superior Minerals Company, Jack Yetman, Albert Hayutin, Lester Maslin, Leonard James, Nationwide Holdings, Inc., Standard Development Corporation and other persons whose names are presently not known to the plaintiff, jointly and severally, Defendants.

United States District Court
S. D. New York.
Nov. 27, 1961.

Landis, Feldman, Reilly & Akers, New York City, Henry O. Leichter, New York City, of counsel, for plaintiff.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, Harry I. Rand, David Jaffe, New York City, of counsel, for administrator.

McGOHEY, District Judge.

The question presented on this motion is whether the statutory action under section 16(b) of the Securities Exchange Act, 15 U.S.C.A. § 78p(b), abates upon the death of a defendant.

The plaintiff, a stockholder, brought this action under section 16(b) for the recovery on behalf of United States Glass & Chemical Corporation of short term profits from the purchase and sale of that corporation's securities by "insiders." One of the defendants, David L. Shindler, died after the commencement of the action. The plaintiff moves, under Fed.R.Civ.P. 25(a), 28 U.S.C.A., to substitute, as a defendant, the administrator of Shindler's estate. The administrator opposes the motion upon the ground that section 16(b) is a penal statute and, consequently, that the action thereunder is abated. Schreiber v. Sharpless.[1]

■■ One test of whether a statute is penal or remedial is whether the wrong sought to be redressed is a wrong to the public or to an individual. Huntington v. Attrill.[2] There is, unquestionably, a public interest sought to be protected by the Securities Exchange Act. But it is not the public at large which is specifically protected by section 16(b) so much as the "outsiders," that is, the general body of stockholders not having the advantage of inside information.[3] The statute redresses a wrong to them by the return of profits to the corporation itself.

Nor is the administrator aided by the argument that, since the plaintiff need not allege an injury to himself nor a benefit to the defendant or his estate, a recovery could not be compensatory but can only be punitive. The plaintiff is a nominal party. The action is brought on behalf of the corporation, to which the recovery runs. The loss is the taking of a profit from the corporation; it is alleged by the fact of the purchase and sale, or sale and purchase, within the six-month period.

■ An inquiry into whether section 16(b) is penal or remedial seems bound to result in the conclusion that, like the Sherman Act, it is both.[4] Indeed, the

1. 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65.

2. 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123.

3. Smolowe v. Delendo Corp., 2 Cir., 136 F.2d 231, 235, 148 A.L.R. 300.

4. Sullivan v. Associated Billposters & Distributors, 2 Cir., 6 F.2d 1000, 1009, 42 A.L.R. 503. The action for treble damages under the Sherman Act, at least to the extent of the actual damages suffered, is not abated by the death of a defendant. Sullivan v. Associated Billposters & Distributors, supra; Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 128 F.2d 645; Rogers v. Douglas

dual aspect of section 16(b) is apparent from Smolowe v. Delendo Corp.,[5] upon which the administrator places great reliance because of the court's "frequent" use of the word "penalty." However, the court there was not concerned with whether the section was "penal" or "remedial" in the sense we are discussing here. Moreover it should be also noted that the court said that "the statute is broadly remedial"; and intended "to squeeze all possible profits out of stock transactions" of the kind involved here.[6] A semantic test based on Smolowe, therefore, is fruitless.

In Stephens v. Overstolz,[7] a claim against directors of a national bank under an act of Congress imposing liability for certain things which they might do resulting in injury to the bank, its stockholders or creditors, was held not to abate. Mr. Justice Miller, sitting on circuit, said:

> " * * * that the act of congress on this subject treats the directors of a national bank as persons charged with a duty and a trust for the benefit of other parties; that, when they violate such trust, the statute in effect declares that they shall compensate the parties who have been injured for that violation of the trust. In effect that was a principle which existed before the statute was enacted. * * * It is not so essentially a penal statute intended to punish a wrong-doer for a wrongful act as to bring it within that class of penalties, the liability for which expires with the death of the party. * * * The statute says, in effect, that they shall be liable for whatever damages result to any one from their viola-

tion of duty. Penal statutes, strictly speaking, are generally those which impose a punishment measured only by the offense or guilt of the party. They generally say that, for every such offense, the party shall be fined in a given sum, or imprisoned for a limited time. * * * Penalties of that nature are of a criminal character, but in this case, and in some others that might be cited, the object of the statute does not seem to be to punish the wrong-doer for the wrongful act, but rather to render him liable to all parties to the extent of the injury they have sustained. * * The extent of that liability is not affected by the circumstances which mislead you, or by your criminal intention, but depends on the fact that the act was done knowingly, and was in violation of the law. The extent of the liability incurred is the amount of damage you have inflicted upon others. We are of the opinion that the right of action in this case is not terminated by the death of the wrong-doer, but that the damage for which he is liable is a claim that survives against his estate as any other claim." [8]

■ These principles are applicable here. The liability imposed by section 16(b), measured by the actual damage incurred, is only that arising from the breach of a fiduciary relation. As stated in Smolowe: "In effect it was but a new approach to the common-law attitude which had long recognized the reasonableness of enforcing a level of conduct upon fiduciaries 'higher than that trodden by the crowd.' " [9] This action,

Tobacco Bd. of Trade, 5 Cir., 244 F.2d 471.

5. 2 Cir., 136 F.2d 231.

6. 136 F.2d at 239.

7. C.C., 43 F. 465.

8. Ibid. For non-abatement of action against corporate officer for breach of fiduciary relation, see generally Bates v. Dresser, D.C., 229 F. 772, 797; Commercial Solvents Corp. v. Jasspon, D.C., 92 F.Supp. 20; Annot., 79 A.L.R. 1517.

9. 136 F.2d at 239.

therefore, is not abated by the death of the defendant.[10]

The motion is granted, and Martin Shindler, administrator of the estate of David L. Shindler, deceased, is substituted as a party defendant in place of David L. Shindler.

So ordered.

10. Pellegrino v. Wright, CCH 1952–1956 Fed.Sec.L.Rep. Par. 90602 (D.Md. Sept. 18, 1952); cf. Mills v. Sarjem Corp., D.C., 133 F.Supp. 753.